MILLER, Admr. etc., v. ELLIS et.

Ohio Appeals, 9th Dist., Summit Co.

No. 1371.    Decided Apr. 9, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

703. **LANDLORD AND TENANT—829.** **Negligence.**

Where landlord leases property under agreement with tenant to keep property leased in good repair, and he, after notice, neglects or refuses to repair, and invitee

or customer of tenant is injured while upon leased property because of such failure to repair, one injured does not stand in same position as stranger to said property and landlord is not liable.

Error to Common Pleas.

Judgment affirmed.

Ormsby & Kennedy, Akron, for Miller, Admr.

Slabaugh, Seiberling, Huber & Guinther, Akron, for Ellis et.

STATEMENT OF FACTS.

The parties stand in this court in the same relative positions that they held in the Court of Common Pleas; in which court a demurrer was sustained to the amended petition of the plaintiff, on the ground that the allegations did not state a cause of action; and, the plaintiff not desiring to plead further, final judgment was entered against him.

The plaintiff is the duly appointed, qualified and acting administrator of the estate of one Elsie Miller, who, at the time of her decease, was ascending a stairway to visit tenants of the defendants, who were the owners of the premises occupied by said tenants.

The petition alleged that the direct and proximate cause of decedent's death was the defective condition of the stairway, and that said stairway was in such defective condition at the time the lease between the owner and said tenant was entered into, and had been for many years prior thereto—which condition was well known at all times to said owners.

In the amended petition, the plaintiff alleged that the lessor was the owner of the entire building which was two stories high, with a storeroom on the first floor and living rooms on the second floor, and that he had leased the entire property to one Booth, who, in turn, had sublet the second floor living rooms to a single family for ordinary family purposes, by and with the consent of defendants.

Plaintiff also alleged that, under the terms and conditions of the lease, the owner agreed to make all outside repairs to said building and make and keep said building and the premises in a tenantable condition, and also that the stairway which the decedent was ascending was an outside one.

PARDEE, J.

"Defendants deny any liability for the death of plaintiff's decedent, and rely principally upon the case of Burdick & Cheadle, 26 OS. 393.

If the landlord leases his property under an agreement with his tenant to keep the property leased in good repair, and he, after notice, neglects or refuses to repair, and an invitee or customer of the tenant is injured while upon the leased property because of such failure to repair, the one injured does not stand in the same position as a stranger to said property and the landlord is not liable. Burdick v. Cheadle, supra.

The facts admitted to be true in the amended petition in the case at bar seem to us to bring the case squarely within the rule announced in the case of Burdick v. Cheadle, and, as it has seemingly stood unreversed so long and has been cited and quoted from so much by the Supreme Court of this state, we feel it our duty to follow it.

The judgment of the trial court is affirmed." (Washburn, PJ., and Funk, J., concur.)