Weygandt, C. J.
 

 The single question now requiring the attention of this court is whether this record contains competent evidence with reference to which reasonable minds might differ, therefore necessitating its submission to the jury.
 

 What proof is there to substantiate the plaintiff’s claim that the defendant gave her husband general authority to use an automobile in his work? On page 39 of the printed record Mr. Huff said: “It was understood when I took the job I had to use an automobile.” Because of its obvious incompetency the court promptly excluded this testimony. However, on page 40 of the record Mr. Huff used the following similar language: “Q. Well, who told you to take your car at any time? A. It was .understood that I must have an automobile when I hired on this job.” No objection to this was made at the moment, but on several subsequent occasions counsel for the defendant requested the court to strike out all testimony as to conversations unless proper authority were shown. These requests were overruled and exceptions duly saved. Clearly, the mere conclusion as to an “understanding” was incompetent, but these conversations involve a still graver error. Apparently some of them were had with a Mr. Kennedy, but most seem to have been with a Mr. Hultberg. A study of the record fails to properly disclose what authority, if any, the defendant had delegated to either man. Huff testified that Kennedy had the title of district manager. He also testified that Hultberg’s title was that of. assistant manager, but it is to be noted that this was not the situation until some months after Huff became identified with the defendant. In his testimony Huff, fur
 
 *471
 
 ther said in referring to Hultberg: “I ana not sure what all his duties were.” It further appears that Huff had been assigned a certain territory; that he was given no specific working hours; that in the performance of his duties he was at liberty to proceed in any manner he pleased; that he was held responsible by the defendant merely for results produced; and that the defendant furnished him no automobile and made him no allowance for the operation or repair of his own car. Under these circumstances it is extremely difficult to detect even the proverbial scintilla of bygone days.
 

 However, the plaintiff insists there is additional evidence showing that the defendant specially authorized her husband to use his automobile to take her with him whenever he worked in the evening. It is not claimed that the plaintiff ever was in the employ of the defendant, but she accompanied her husband because she disliked to remain at home alone at night. Over the defendant’s strenuous objections she and her husband testified that this fact was communicated to Hultberg and that he said she should get into the car and go with him. There is further testimony that Hultberg saw them riding together, but it is not claimed that he had any knowledge as to the trip on the evening the collision occurred. Under these circumstances what duty was owed to the plaintiff by the defendant? It is readily apparent that here again is precisely the same fatal difficulty involved in the earlier transactions. Was Hultberg an officer of the defendant company? The record is wholly silent on this point. If he was only an employee what authority had been delegated to him by the defendant? Mere conjecture must not be permitted to furnish the answer to these decisive questions.
 
 Hamden Lodge
 
 v.
 
 Ohio Fuel Gas Co., 127
 
 Ohio St., 469, 189 N. E., 246.
 

 This court is unanimously of the opinion that the submission of this evidence to the jury was erroneous.
 
 *472
 
 The judgment of the Court of Appeals is therefore reversed, and final judgment is entered for the plaintiff in error.
 

 Judgment reversed and final judgment for plaintiff in error.
 

 Stephenson, Jones, Matthias, Bevis, Zimmerman and Wilkin, JJ., concur.