Day, J.
 

 The sustaining of appellee’s motion for a new trial, after setting aside a judgment rendered in favor of appellant upon its motion for a directed verdict, took away appellant’s right to have final judgment entered in its favor, and is a final order from which appeal may be prosecuted.
 
 Jacob Laub Baking Co.
 
 v.
 
 Middleton, 118
 
 Ohio St., 106, 160 N. E., 629;
 
 Hocking Valley Mining Co.
 
 v.
 
 Hunter,
 
 130 Ohio St., 333, 199 N. E., 184;
 
 Michigan-Ohio-Indiana Coal Assn.
 
 v.
 
 Nigh,
 
 131 Ohio St., 405, 3 N. E. (2d), 355;
 
 Murphy
 
 v.
 
 Pittsburgh Plate Glass Co.,
 
 132 Ohio St., 68, 4 N. E. (2d), 983.
 

 
 *369
 
 It is the contention of appellant that the evidence adduced by appellee does not present facts from which negligence can reasonably be inferred; that appellee’s own testimony discloses that whatever happened was solely the result of the normal movements of the car; and that the movements were not, as claimed by appellee, different or unusual, but merely appeared to her to be so, due to the difference in the position of the seat she occupied. -
 

 Appellant argues that while appellee testified that she was thrown forward with considerable force, different from that which she had experienced on this device on previous occasions, she made it plain that this was so because, seated as she was on the inside of the car, the centrifugal force tended to thrust her forward; and that from this, negligence cannot reasonably be inferred.
 

 Appellee argues that on the occasion complained of the speed of operation was more rapid and the force of the tilting and resulting jolt more violent than ever before; further that if it be true that the position which she occupied in the seat was more dangerous than the rest, due to its particular location, then it was appellant’s' duty to warn hér of the danger inherent in that location, and that failure so to do constituted negligence.
 

 The motion to direct a verdict presents to the trial court the question whether the evidence adduced by appellee is sufficient in law to present a jury question on the issue of appellant’s alleged negligence.
 

 In ruling upon this question, the court cannot make a finding of fact, but must proceed on the assumption that the facts' which the evidence tends to prove, and all reasonable inferences deductible therefrom, are, for the purpose of the motion, admitted to be true.
 
 Ellis & Morton
 
 v.
 
 Ohio Life Ins. & Tr. Co., 4
 
 Ohio St., 628,
 
 64 Am.
 
 Dec., 610;
 
 Hubach v. Cole, ante,
 
 137, at 143;
 
 Wells v. Van Nort,
 
 100 Ohio St., 101, 125 N. E.,
 
 *370
 
 910;
 
 Hoyer
 
 v.
 
 Lake Shore Electric Ry. Co.,
 
 104 Ohio St., 467, 135 N. E., 627;
 
 Dick
 
 v.
 
 Railroad Co.,
 
 38 Ohio St., 389;
 
 Schnable
 
 v.
 
 Cleveland, C., C. & St. L. Ry. Co.,
 
 102 Ohio St., 97, 130 N. E., 510.
 

 In determining its legal sufficiency, the trial court must construe the .evidence most strongly in favor of the party against whom the motion is directed.
 
 Hamden Lodge
 
 v.
 
 Ohio Fuel Gas Go.,
 
 127 Ohio St., 469, 189 N. E., 246;
 
 Hubach
 
 v.
 
 Cole, supra.
 

 The sufficiency of the evidence for submission to the jury is', in Ohio, no longer tested by the presence of “any evidence, however slight.” The decision in the case of
 
 Hamden Lodge
 
 v.
 
 Ohio Fuel Gas Go., supra,
 
 abrogated the “scintilla rule” of evidence, and in its place formulated a new rule or test, namely, that if, after giving the evidence a construction most strongly in favor of the party against whom the motion is made, reasonable minds can come to but one conclusion, and that conclusion is adverse to such party, the evidence gives' rise to a question of law. "When, however, the evidence is such that different minds may reasonably draw different conclusions therefrom, the question which the evidence presents is one of fact and should be submitted to the jury for determination. This rule was followed and applied in
 
 Hubach
 
 v.
 
 Cole, supra; Metropolitan Life Ins. Co.
 
 v.
 
 Huff,
 
 128 Ohio St., 469, 191 N. E., 761;
 
 Bevan
 
 v.
 
 New York, Chicago & St. L. Rd. Co.,
 
 132 Ohio St., 245, 6 N. E. (2d), 982. See also
 
 Pence
 
 v.
 
 Kettering,
 
 128 Ohio St., 52, 190 N. E., 216.
 

 Where it is doubtful whether reasonable minds would differ in their inferences' from the evidence, the trial court should resolve the doubt against the movant.
 

 Judge Zimmerman well states, in the case of
 
 Hubach
 
 v.
 
 Cole, supra,
 
 that “The rule of evidence in establishing the facts of negligence * * * is the same as applied to the determination of any other question of fact;” that negligence becomes a question of law “only when the evidence is such that reasonable minds cannot rea
 
 *371
 
 s'onably draw different conclusions either as to the facts or as to the deductions from the facts.”
 

 One of the grounds of negligence alleged in the petition in the instant case is that the amusement device was operated “at such a rate of speed as to cause the plaintiff to be thrown about in said car.” The evidence is to the effect that appellee had ridden on this device a number of times before; that on the occasion complained of, the speed of operation was more rapid and the force of the tilting and resulting jolt more violent than ever before; that the unusual rapidity of the speed and the violence of the jolts threw appellee out of her seat, and that her companion, who sat next to her, was similarly affected. The question whether the speed, method and manner of operation, and the character and force of the jolts, were consistent with the exercise of due care under the circumstances, and their causative relation to appellee’s injuries, are questions of fact for the jury. The evidence here adduced, as disclosed by the record, is not such as to warrant a trial court in saying that' reasonable minds could reasonably be of one accord as to the inferences to be drawn therefrom. On the contrary, it is our opinion that the evidence is such that it is reasonably possible for impartial men and women to fairly draw different conclusions therefrom. A motion to arrest such testimony from the jury should not be sustained.
 

 This point in the case is dispositive of the only question which, in our opinion, the evidence fairly raises, and we do not therefore find it necessary to discuss the other questions of law which counsel, but not the record, present.
 

 We hold that the motion by defendant for a directed verdict, made at the close of plaintiff’s testimony, raises a question as to the legal sufficiency of the evidence adduced to go to the jury, and should be over
 
 *372
 
 ruled if the evidence is such that reasonable minds may differ as to the inferences to be drawn therefrom.
 

 Judgment affirmed and cause remanded.
 

 Zimmerman,. Williams, Myers and Gorman, JJ., concur.
 

 Weygandt, O. J., and Matthias, J., dissent.