By the Court:
 

 Defendant contends, in substance, that Evans was an independent contractor, over whose acts it neither reserved nor exercised any control; that, consequently, the doctrine of
 
 respondeat superior
 
 does not apply.
 

 Plaintiff contends that Evans was an agent, over whose acts defendant had a right of control; that the tortious act complained of was committed by Evans while engaged in the course of his employment; and that, therefore, the doctrine of
 
 respondeat superior
 
 does apply.
 

 The fundamental rule generally recognized is that the doctrine of
 
 respondeat superior
 
 is applicable to the relation of master and servant or of principal and agent, but not to that of employer and independent contractor.
 
 City of Cincinnati
 
 v.
 
 Stone,
 
 5 Ohio St., 38;
 
 Carman
 
 v.
 
 Steubenville & Indiana Ry. Co., 4
 
 Ohio St., 399;
 
 Clark
 
 v.
 
 Fry,
 
 8 Ohio St., 358, 72 Am. Dec., 590;
 
 Pickens
 
 v.
 
 Diecker,
 
 21 Ohio St., 212, 8 Am. Rep., 55;
 
 Tiffin
 
 v.
 
 McCormack,
 
 34 Ohio St., 638, 32 Am. Rep., 408;
 
 Hughes
 
 v.
 
 Cincinnati & Springfield Ry. Co.,
 
 39 Ohio St., 461.
 

 The relation of principal and agent or master and servant is distinguished from the relation of employer and independent contractor by the following test: Did the employer retain control, or the right to control,
 
 *292
 
 the mode and manner of doing the work contracted for? If he did, the relation is that of principal and agent or master and servant. If he did not but is interested merely in the ultimate result to be accomplished, the re tion is that of employer and independent contra or.
 
 Pickens
 
 v.
 
 Diecker, supra; Carman
 
 v.
 
 Steuben le & Indiana Ry. Co., supra; Clark
 
 v.
 
 Fry, supra; Hughes
 
 v.
 
 Cincinnati & Springfield Ry. Co., supra; 21 Ohio
 
 Jurisprudence, 624, Section
 
 3.
 

 What was the character of the relation between Evans and defendant?
 

 S. D. Risley, district manager of defendant company, was asked, on direct examination: “Q. What directions, if any, do you give Evans as far as taking care of that territory is concerned?” He answered: “Well, that is rather lengthy to mention, I suppose every direction that is given. ’ ’
 

 As we interpret this testimony, it means that Evans was subject to the directions, from time to time given by his employer, with respect to the work he was to perform. This is evidentiary of retention of control on the part of the employer. That which distinguishes an independent contractor from an agent is the freedom from employer control over the work contracted for. The control exercised by an independent contractor over his work is exclusive of that exercised by any other. Where it is not thus exclusive, and its execution must conform to the directions and instructions' of the employer, the relation is that of agent and not of independent contractor. That is precisely the relation which Evans bears to defendant — agent and not independent contractor.
 

 An insurance company solicitor, not vested with exclusive control over his work, but subject to periodic and intermittent directions and instructions from his employer with respect thereto, may be found by the jury to be an agent and not an independent contractor.
 

 
 *293
 
 With respect to the principal’s liability for the torts of his agent, the following test is generally applied: First, was the act, ont of which the tort arose, one which has been authorized, expressly or by implication, by the employer; second, was the act, out of which the tort arose, one performed in the course and scope of employment? If these questions are answered in the affirmative, the doctrine of
 
 respondeat superior
 
 is applicable and liability attaches to the employer; otherwise not.
 
 i
 

 The question whether Evans had authority, express or implied, to use his own automobile in the discharge of his duties is one of fact for the jury. From the evidence introduced, it is possible for different minds reasonably to .draw different conclusions. Consequently, submission of this question to the jury was proper.
 
 Durbin
 
 v.
 
 Humphrey Co.,
 
 133 Ohio St., 367. Though the record does not disclose an express authorization to Evans to use his automobile inrhis work, it does disclose facts and circumstances from which a jury may properly find implied authorization
 
 .
 

 Risley, the district manager, testified that he gave Evans no authority to use his' automobile; that consent was neither sought nor given; that he knew that Evans sometimes used an automobile in connection with his work, but that he expressed no objection thereto. Thus, use of an automobile, though not expressly required, was nevertheless allowed; though not expressly authorized, was not expressly forbidden. Its use continued and acquiescencej continued with it. Continued acquiescence in the performance of a previously unauthorized act ripens into tacit approval and authorization.
 

 Where an insurance solicitor uses his automobile in his work, with the knowledge of his employer, repetitious use by the solicitor, without express disapproval
 
 *294
 
 by the employer, will be treated as a use with implied authority.
 

 Was the tortious act committed during the course of employment? This likewise is a factual question, and its submission to the jury was proper.
 

 The tortious act complained of was committed by Evans while in the discharge of the duties of his employment and within the debit assigned to him. His duties required collection of premiums. When the “accident” happened he was on his way to a policy holder for the purpose of collecting a premium. In this, he was acting within the course of his employment.
 

 As a means of locomotion, he used his own automobile. This, as we pointed out before, was with the implied authorization of his employer. At the time of the commission of the tortious act, he was engaged in the performance of the duties' of his employment and in the course thereof. These elements, considered together, are sufficient to fix liability upon the defendant for the negligent acts of Evans.
 

 The instant case is distinguishable from
 
 Metropolitan Life Insurance Co.
 
 v.
 
 Huff,
 
 128 Ohio St., 469, 191 N. E., 761, on the facts. In the
 
 Euff case, supra,
 
 the insurance agent testified that at the time he was hired it was understood that he was to use an automobile in connection with his work. He testified to conversations had with a Mr. Kennedy and a Mr. Hultberg, which were supposedly held at the time he was employed. Huff testified that Kennedy had the title of district manager and that Hultberg had the title of assistant manager. The record disclosed, however, that it was not until some months after Huff had been hired that Kennedy became manager and Hultberg assistant manager. As said by the court, the record failed to disclose any evidence, not “even the proverbial scintilla of by-gone days” of any authority by
 
 *295
 
 the insurance compány to Huff to use an automobile in connection with his work.
 

 The facts are otherwise in the instant case, as hereinbefore stated. The' evidence is clear that Samuel D.
 

 Rdsley was district manager of the Metropolitan Life Insurance Company at the time Evans was employed as agent; that he prescribed the work to be done by the agent; that Risley had knowledge of the fact that Evans was using an automobile in connection with his work, and that he at no time made any objection thereto. The distinction between the two cases lies in the sufficiency of proof.
 

 Judgment affirmed.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Myers and Gorman, JJ., concur.