BALLATO, APPELLEE, *v.* THE INDUSTRIANS SAVINGS & LOAN CO., APPELLANT.

(Decided June 11, 1940.)

*Mr. Leonard J. Breiding* and *Messrs. Weick & Mason,* for appellee.

*Messrs. Finkle, McChesney & Sanderson* and *Messrs. Musser, Kimber & Huffman,* for appellant.

DOYLE, J. This is an action in tort, brought in the Court of Common Pleas of Summit county, Ohio.

The plaintiff charged the defendant with negligence. The defendant denied the charge, and further pleaded contributory negligence on the part of the plaintiff, as well as a voluntary exposure of the plaintiff to a danger known to her, with an accompanying assumption of risk.

A jury verdict was returned in favor of the plaintiff in the sum of $4,000, and a judgment was subsequently entered thereon. From that judgment, appeal was made to this court on questions of law.

There was evidence tending to show these facts:

The defendant held a mortgage on a house and lot located in Akron. The owner of the property, Koza, defaulted in his payments, left his property and migrated from this country to a place unknown, sometime in the year 1933. The defendant mortgage holder thereupon assumed the management of the house, rented it in its own name, collected the income, and made disbursement thereof by paying first the expenses of upkeep and repair which it assumed, and second by application of the balance to the unpaid note and mortgage.

In December, 1937, the property was rented to Mrs. George Ballato by an officer of the defendant company. She took possession and paid her rent. The defendant agreed to make necessary repairs when called upon so to do. Several months after the occupancy, the tenant requested the officer of the defendant in charge of the rental of its properties to repair the furnace. He instructed a Mr. Sigler, who had from time to time performed various repair work on properties owned or controlled by the defendant, to examine the furnace and to repair it if necessary. Sigler was regularly employed at the Goodyear Tire & Rubber Company, and worked for the defendant on various odd assignments in his ''off'' hours.

In compliance with the instructions, he journeyed to the Ballato home in his own car and with his own tools and inspected the furnace. The inspection consisted in part of a removal of the outer covering of the furnace. It was found that new parts were necessary to relieve the condition of which complaint was made.

When the work of inspection had been completed and while Sigler was in the basement talking to Mrs. Ballato's brother-in-law (the fact is disputed as to whether the tools had been picked up and the furnace reassembled), Mrs. Ballato went to the basement for the purpose of regulating a hot water heater which was

located near the furnace. In so doing and in passing a short distance from the place at which the work had been performed, she stepped on a rivet. The rivet penetrated her slipper and inflicted a severe injury to her foot.

Rivets were not used in the work on the furnace, but rivets of the same kind were among the tools and implements of the workman, Sigler, which he had in the basement. There is no direct evidence in explanation of the presence of the rivet on the basement floor. How it got there can only be inferred from all of the facts and circumstances; and there are no facts disclosing the possession of rivets by anyone else connected in any way with the premises.

The appellant presents the following questions of dispute and grounds of error:

"1. From the evidence, is the Industrians Savings & Loan Co. regarded as the landlord?"

"2. Was Sigler an independent contractor or the servant and agent of the loan company?"

"3. Could Dorothy Ballato, as the tenant in possession of her property, maintain her claim for damages against the landlord, the Industrians Savings & Loan Co., if such company is held to be the landlord, when men sent by that company were inspecting and repairing the furnace in her home?"

"4. Does the evidence show negligence on the part of the Industrians Savings & Loan Co.?"

"5. Prejudicial error in the admission of evidence."

"6. Prejudicial error in the trial court's rulings and charge."

The trial court in part charged the jury in the following language:

"Now, concerning some things you need not have any deliberation, because the court says to you as a matter of law that, in so far as this lawsuit is concerned, you may consider the Industrians Savings &

Loan Co. as the landlord, and Dorothy Ballato as the tenant.''

This relationship of the defendant to the plaintiff and to the owner of the fee was not disputed during the trial of the case, and from the statements of counsel for the defendant during the trial the trial judge was justified in charging the jury as he did. The court adopted the defendant's theory of its own status.

The rule may be safely pronounced, however, that a person who undertakes the sole and complete control and management of real property at the request of the owner, or who assumes such control and management in the absence of a request by the owner, in order that he may protect his mortgage upon the property, after the owner has defaulted in the mortgage and abandoned the property, stands in the same legal position as an owner, in so far as liability to third persons for injuries growing out of tort is concerned. And likewise, such person's liability for negligence is the same as the liability of a fee-owning landlord to his tenant or a third person.

That the relationship between Sigler and the defendant was one of master and servant and not of independent contractor, we believe is established by the evidence in such strength that reasonable minds could reach only that conclusion.

The Supreme Court of this state has recently reiterated the test applied generally and for many years.

''The relation of principal and agent or master and servant is distinguished from the relation of employer and independent contractor by the following test: Did the employer retain control, *or the right to control,* the mode and manner of doing the work contracted for? If he did, the relation is that of principal and agent or master and servant. If he did not but is interested merely in the ultimate result to be accomplished, the relation is that of employer and independent contrac-

tor." (Italics ours.) *Miller* v. *Metropolitan Life Ins. Co.*, 134 Ohio St., 289, at 291, 16 N. E. (2d), 447.

For a more detailed statement, see Section 220, Restatement of the Law of Agency; 27 American Jurisprudence, Independent Contractors, Section 5; and 21 Ohio Jurisprudence, Independent Contractors, Section 3.

The evidence being such, a discussion of the liability of the defendant for the conduct of an independent contractor is unnecessary.

Continuing to answer the questions in dispute in the order presented, this court is of the opinion that the tenant can maintain this action.

This court in *Miller, Admr.*, v. *Ellis,* No. 1371, Summit county (not officially reported but reported in part in 6 Ohio Law Abs., 338), set out in its opinion some of the rules which are deducible from the reported cases as to the liability of a landlord to people upon leased property. This court there said:

"1. If the landlord by lease surrenders the possession and control of the entire property to his tenant, in the absence of misrepresentation as to their safe physical condition, he is not liable to a tenant, invited guest or others properly on said property, for injuries they may receive from a defect in the property at the time the lease was made, or from a defect which may arise during the term of said lease.

"2. If the property at the time the lease is made is in a defective condition, which condition results in an injury to a stranger upon an adjoining street or property, the landlord as well as the tenant may be liable in damages for such injury.

"3. If the landlord, at the time the lease is made, surrenders the possession and control of the property, and the property at that time is in good repair and becomes out of repair during the term of said lease, and there is no contractual obligation or duty imposed by law upon the landlord to restore the same, and a

stranger upon an adjoining street or property is injured as a result of said condition, the landlord is not liable.

"4. If the landlord retains control of any part of the leased property, and a tenant, or invitee on said property, is injured as a result of the defective condition of that part of the property so controlled, the landlord may be liable to the one injured.

"5. If the landlord leases his property under an agreement with his tenant to keep the property leased in good repair, and he, after notice, neglects or refuses to repair, and an invitee or customer of the tenant is injured while upon the leased property because of such failure to repair, the one injured does not stand in the same position as a stranger to said property and the landlord is not liable. (*Burdick* v. *Cheadle,* 26 Ohio St., 393 [20 Am. Rep., 767].)"

See, also, *Berkowitz* v. *Winston,* 128 Ohio St., 611, wherein the syllabus states:

"1. Promise by the lessor, to make repairs of premises leased, does not impose upon the lessor liability in tort to persons entering thereon at the invitation of the lessee.

"2. Liability in tort is an incident to occupation or control; occupation and control are not reserved by an agreement to make repairs.

"3. An owner of real estate, who has surrendered possession thereof to a lessee, is not liable to an employee of such lessee for personal injuries resulting from a defective condition of the premises, though he had promised the lessee to make repairs."

See, also, *Cullings* v. *Goetz,* 256 N. Y., 287, cited in *Berkowitz* v. *Winston, supra.*

The case at bar must be distinguished from these cited cases, for the obvious reason that in this case the landlord through the medium of his servant entered upon the rented premises under agreement to repair and at the request of the tenant. And if a landlord,

under such circumstances, through his servant, while making repairs commits active negligence or misfeasance as distinguished from nonfeasance, and the tenant is injured as a proximate result of such negligence, the tenant can recover in damages, if such tenant is not guilty of contributory negligence.

It is our judgment that there was sufficient evidence introduced in the trial to have warranted the court in submitting to the jury as a question of fact the issue of negligence on the part of defendant's servant. And the jury having found active negligence to have been committed, the members of this court cannot say that such finding is manifestly against the weight of the evidence.

The trial court submitted also, as a question of fact, under a proper charge, the issue of contributory negligence on the part of the plaintiff. The jury by its verdict found adversely to the defendant's claim. In this respect we do not take issue with the jury's finding, and do not find it to be manifestly against the weight of the evidence.

Examination has been made of the other claimed errors, and we find none prejudicial to the rights of the defendant.

*Judgment affirmed.*

WASHBURN, P. J., and STEVENS, J., concur.