## KUESSNER v CINCINNATI ST. RY. CO.

Ohio Appeals; 1st Dist, Hamilton Co

Decided Dec 2, 1940

Gallagher, Dorr & Manley, Cincinnati. for appellant.

John M. McCaslin, Cincinnati, for appellee.

## OPINION

By ROSS, J.

This is an appeal on questions of law from a judgment of the Court of Common Pleas of Hamilton County.

The action was brought by a guest rider, injured when an automobile in which he rode and a street car of the defendant collided at the intersection of Dayton and Baymiller Streets in the City of Cincinnati.

The petition contains charges that the street car was proceeding northwardly on Baymiller Street at an excessive and unreasonable speed at the instant of collision, contrary to the ordinances of the City of Cincinnati, and that the negligent acts of the defendant's employes in the operation of the street car were the proximate cause of the injuries, for which the plaintiff prays compensation in damages.

The answer of the defendant was in substance a general denial.

At the conclusion of the evidence of the plaintiff, the trial court instructed the jury to return a verdict in favor of the defendant.

In charging the jury the court stated that it took this action because the plaintiff had failed to concede to the defendant's street car the right of way, which accrued to it by reason of the fact that the vehicle in which the plaintiff was riding approached from the left side of the street car.

There is no evidence in the record showing that the plaintiff had any responsibility for the operation of the automobile in which he was a guest rider. Any negligence of the driver, if such existed, can not, therefore, be imputed to this plaintiff.

The right of way of the defendant's street car is predicated upon a requirement that it must have been proceeding northwardly toward the intersection with Dayton Street in a lawful manner. **Morris v Bloomgren, 127 Oh St 147,** 187 N. E. 2, 89 A. L. R. 831.

In this connection, it is to be borne in mind that both Dayton and Baymiller Streets are comparatively narrow city thoroughfares; that the neighborhood is closely built-up, the houses being located close to the street walk lines; that the street car tracks are located in the center of the street, so that the street car in quesion occupied a portion of the west or left side of Baymiller Street; that the automobile in which the plaintiff rode was badly damaged on the right side, the photograph introduced in evidence showing, as well as other evidence, that the street car struck the automobile about midway between the front and rear of the vehicle on its right side; and that there were definite positive statements that the street car was moving at a speed above the limit mentioned in the ordinance as producing a rebuttable presumption of unreasonable speed.

It is the contention of the defendant that the witnesses for the plaintiff who testified to such excessive speed did not have sufficient opportunity to judge of such speed, because they stated that they only saw it in motion for some ten or fifteen feet before it collided with the automobile. One witness at least stated his means of computation was based upon his conclusion that the street car was moving twice as rapidly as the known speed of the automobile.

Can this court properly consider this contention of the defendant that the case of the plaintiff does not contain substantial evidence under the scintilla rule in **Hamden Lodge v Ohio Fuel Gas Co., 127 Oh St 469,** 189 N. E. 246. impugning the right of way of defendant because the witness could not have accurately estimated the speed of the street car?

This argument is addressed to the credibility of these witnesses. The real contention is, that their testimony is not such evidence as the jury would be justified in believing.

In view of all the circumstances in this case, it is our opinion that the criticism of the evidence of plaintiff should be addressed to the weight of this evidence, rather than its credibility or competency, and that it is such evidence as would permit reasonable minds to differ as to its effect, taking into consideration the other evidence in the case. **Durbin v Humphrey Co., 133 Oh St 367, 14 N. E. 2d 5.**

For these reasons, the judgment of the trial court is reversed, and the cause remanded to the Court of Common Pleas for a new trial.

HAMILTON, PJ. and MATTHEWS, J., concur.