Hast, J.
 

 The first ground of error complained of is that the court, having withdrawn the case from the jury and having directed a verdict for the defendant, erred in denying the application of the plaintiff for a special finding of facts and conclusions of law. The plaintiff claims this right by reason of Section 11421-2, Oeneral Code, which is as follows:
 

 “When questions of fact are tried by the court, its findings may be general for the plaintiff or defendant, unless, with a view of excepting to the court’s decision upon questions of law involved in the trial, one of the parties so requests, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law.”
 

 This statute confers a substantial right, is mandatory in character, and a refusal of the court in a proper case to comply with the request provided for therein
 
 *202
 
 is reversible error unless it appears from the record that the party making the request is not prejudiced by ■such refusal.
 
 Oxford Tp.
 
 v.
 
 Columbia,
 
 38 Ohio St., 87;
 
 Cleveland Produce Co.
 
 v.
 
 Dennert,
 
 104 Ohio St., 149, 135 N. E., 531.
 

 Since under the statute a court is required to act only on request of a party, he must bring himself squarely within the purview of its provisions. The-right to require a court to- comply with such a request is limited to cases where “questions of fact are tried by the court.” In the opinion of the court, this is-not such a case.
 

 This court held, in the case of
 
 Levick
 
 v.
 
 Bonnell,
 
 137 Ohio St., 453, 30 N. E. (2d), 808, that “where, at the close of all the evidence in a case being tried before a. jury, both sides submit motions to direct a verdict-without any reservation, a trial court in passing thereon is required by the provisions of Section 11421-2, General Code, to state in writing the conclusions of fact found separately from the conclusions of law when timely application therefor is made.” In such, a case the court becomes the trier of facts as well as law, the jury has no further function, and the statute applies.
 

 But where only the defendant moves for a directed verdict, there is no waiver of a jury. Certainly the-plaintiff does not waive a jury, and if the motion is overruled the defendant may go forward arid submit his case to the jury.
 
 Michigan-Ohio-Indiana Coal
 
 Assn. v.
 
 High, Admx.,
 
 131 Ohio St., 405, 3 N. E. (2d), 355. Such a situation does not constitute a waiver of a jury or a trial to the court. '
 

 From the language of this statute it is apparent that its chief purpose is to require the court to state its conclusions of fact when it tries the case. This enables a party to determine whether such findings of fact warrant the legal conclusions reached by the court
 
 *203
 
 in rendering the judgment in the case. A further purpose of such findings of fact is to avoid the necessity of an extended bill of exceptions on review. 39 Ohio. Jurisprudence, 1199, Section 453.
 

 In perfecting the record of a case in the trial court, for use in a reviewing court, a finding of facts as distinguished from conclusions of law, alone is important because separate conclusions of law have no place or function in a record for the purpose of review. The-reviewing court determines only whether the judgment properly follows the finding of facts. The legal reasons stated by the trial court for its judgment are only advisory, and may be erroneous as propositions of law, while the judgment may be correct. In other-words, the important right of the litigant is to have a statement of facts in a proper case as the basis of the court’s judgment, whereas the statement of the court’s-legal conclusions, aside from its judgment, is unimportant.
 

 On the other hand, in directing a verdict, the court, in effect, assumes and is obliged to assume that all the facts supported by evidence are true, and, of course, they must be so considered in any further review of the case. Under such circumstances the court does not find facts, but determines that, as a matter of law, the plaintiff’s evidence treated as uneontradicted does not entitle him to judgment.
 
 Broderius
 
 v.
 
 Anderson,
 
 54 Wash., 591, 103 P., 837. And even though the action of the court in the case at bar be considered a finding of fact, it was an undisputed fact and furnished the plaintiff with all that was necessary “with a view of excepting to the court’s decision upon questions of law involved in the trial.” A court is not required to make findings of fact where the evidence is undisputed.
 
 Mobile Drug Co.
 
 v.
 
 United States,
 
 39 F. (2d), 940;
 
 Milwaukee Land Co.
 
 v.
 
 Ruesink,
 
 50 Mont., 489, 148 P.,
 
 *204
 
 396;
 
 Fidelity Trust Co., Admr.,
 
 v.
 
 Palmer,
 
 22 Wash., 473, 61 P., 158. In view of these considerations, it is clear that the statute in question has no application to a case which turns on the direction of a verdict for the defendant at the close of plaintiff’s case in chief. Hence, the court in this case was not required to comply with plaintiff’s request.
 

 The second claim of error is that the court erroneously directed a verdict for the defendant. The general rule is that if, after giving the evidence in support of the facts in issue essential to be established in plaintiff’s case the most favorable construction and interpretation of which it is susceptible, the court finds that reasonable minds can come to but one conclusion as to the proof of such issue, and that such conclusion must be adverse to plaintiff, it is the duty of the court to direct a verdict against the plaintiff and for the defendant.
 
 Hamden Lodge
 
 v.
 
 Ohio Fuel Gas Co.,
 
 127 Ohio St., 469, 189 N. E., 246. See, also,
 
 Martin, Jr.
 
 v.
 
 Heintz,
 
 126 Ohio St., 227, 184 N. E., 852;
 
 Metropolitan Life Ins. Co.
 
 v.
 
 Huff,
 
 128 Ohio St., 469, 191 N. E., 761.
 

 Is there any evidence in this record from which reasonable minds could conclude that the defendant was negligent in the respect charged in the petition; that such negligence was the proximate cause of the accident; or that the plaintiff did not negligently contribute proximately to his own injury? The undisputed evidence and the inference to be drawn therefrom are that when the front end of the streetcar passed the front end of plaintiff’s automobile, there was ample space between the two for clearance; but that in order to avoid colliding with the other automobile abreast and to the right of plaintiff’s car, the plaintiff, according to his testimony, suddenly swerved his car four or five feet to the left and immediately collided with the rear half of the left side of the streetcar. Under such circumstances, as the streetcar ap
 
 *205
 
 proached and was passing plaintiff’s automobile, no' collision was imminent. The operator of the streetcar could not foresee or anticipate any accident. Furthermore, since there was no head-on collision, neither the speed of the car nor the absence of headlights had anything to do with the collision. Hence these alleged acts of negligence were not the proximate cause, of the accident.
 

 On the other hand, taking into consideration that the plaintiff traveled on the “devil-strip” astride the inside rail of the eastbound track when he had 15 or 18 feet of pavement on his side of the’ street between the outside car tracks and the street curb; that he could have stopped his car within a distance of 25 feet when he saw the automobile to his right crowding him, but instead swerved his car four or five feet further to the left into the side of the streetcar, the plaintiff is, himself, to be charged with negligence which contributed to his own injury. It seems to be clear that in operating his car he failed to negotiate the curve in the street to the right so as to keep his car parallel to' and a proper distance from the curving tracks and the streetcar operated thereon. This, under the evidence, was the cause of the accident.
 

 The court did not err in directing a verdict for the defendant and the judgment of the Court of Appeals in affirming the judgment of the Common Pleas Court is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, .Zimmerman, Bell, Williams and Turner, JJ., concur.