Per Curiam.

Throughout her argument, the plaintiff urges that, in descending the stairs, she stepped into a “depression,” “cavity,” or “hole” caused by the “worn” condition of the carpeting on one of the steps. Although not specifically stated, it is apparently her contention that an accelerated rate of wear of the carpet as compared with that of the “rubber” or “plastic” nosing of the stair caused a lower area to exist between it and the riser. However, a review of the record fails to reveal that the words, “cavity,” “depression” or “hole,” were ever used by any witness.
The only testimony referring to the alleged worn condition of the stair carpeting appears in the following (the man referred to therein was apparently an assistant manager, Beck-man, who did not testify):
“Q. Now, Mrs. Andjus [the plaintiff, who had remarried after instituting the action and prior to trial], while you were at the bottom of the stairs what then happened, please? A. * * * a man came downstairs, introduced himself as the manager and asked what happened. I told him that I had caught my heel in the carpeting and had been thrown down the stairs. He then walked back up the stairs and said, ‘This step?’
“I said, ‘Yes.’
“He said, ‘Well, there isn’t anything spilled here. It isn’t slippery. ’
*74 “I said, ‘Well, I didn’t slip. My foot caught in the worn carpeting and 1 was throton doivn the stairs. ’
“He said, ‘Well, I told the repairman these steps should be repaired several days ago.’ ” (Emphasis supplied.)
The plaintiff emphasizes the fact that this testimony was received without objection by the defendant and contends that it, therefore, constitutes probative evidence of a worn condition. However, it will be immediately noted that the plaintiff did not in this testimony state that the carpeting was worn, but only that she told someone else that the carpeting was worn, Thus, this testimony is not and cannot be construed as the equivalent of testimony as to the condition of the carpeting.
In spite of our conclusion that the testimony hereinabove set forth does not constitute direct testimony as to the worn condition of the stair covering, we are constrained to observe that we would not reach a different result even had plaintiff testified that “my foot caught in the worn carpeting” instead of testifying merely that she made that statement to some third party. None of the cases cited by plaintiff and none that have otherwise come to our attention establish that such a description creates a situation in which reasonable minds might reach different conclusions as to negligence on the part of this defendant. On the contrary, such testimony would not even present such evidence of negligence on the part of the defendant as would justify the submission of the question of such negligence to the jury. Hamden Lodge v. Ohio Fuel Gas Co., 127 Ohio St., 469, 189 N. E., 246; Bauer v. Cleveland Ry. Co., 141 Ohio St., 197, 47 N. E. (2d), 225.
In our opinion, there is presented by this record no evidence from which an inference of negligence on the part of the defendant could be drawn, and it must follow that the judgment of the Court of Appeals must be reversed and final judgment rendered for the defendant.

Judgment reversed.

Weygandt, C. J., Zimmerman, Taet, Matthias, Herbert and Peon, JJ., concur.
Belt,, J., dissents.