Van Dyke, Appellant, *v.* Rister, Appellee.

(No. 6879—Decided April 24, 1962.)

*Mr. Joseph L. Rosenbloom* and *Mr. Mitchel D. Cohen,* for appellant.

*Messrs. Dresbach, Crabbe, Newlon & Bilger, Mr. David C. Roggenkamp* and *Mr. Wilbur W. Jones,* for appellee.

McLaughlin, P. J. In this appeal on questions of law the parties are designated as in the trial court. The case involves an automobile accident. It was tried by the Columbus Municipal Court without the intervention of a jury.

Plaintiff was driving north on Olentangy River Road. He was in the leftmost lane as he approached the intersection at Third Avenue. Olentangy River Road runs north and south with three traffic lanes running each way. As plaintiff approached the intersection he noticed three traffic lights facing him, one for each of the three east lanes. All of these lights were then red. The leftmost lane, in which plaintiff was travel-

ing, was governed by a special traffic signal light which changed from red to a green arrow before the other two signal lights changed from red to green. Plaintiff stopped and waited for the green arrow light to come on. At the moment the green arrow lighted he entered the intersection to make a left turn. While thus in the intersection a redlight came on just above the green arrow. In the meantime defendant was driving south in the curbmost lane of Olentangy River Road. The lights facing defendant were identical to those facing plaintiff. Defendant claims to have entered the intersection when the signal light in front of him in his curbmost lane was green. However, it is apparent that at that moment plaintiff's car must have been already in the intersection. The collision occurred in the northwest corner of the intersection, in defendant's curbmost lane. Defendant's car struck plaintiff's car in the middle of its right side.

At the conclusion of all the evidence the trial judge stated:

"So either way you want me to put it—I will direct a verdict for the defendant or I will find on the merits for the defendant, either way and dismiss the petition."

The entry on the half sheet is as follows:

"8-30-61 Case called. Parties in appearance. Evidence taken. Plaintiff failed to sustain the burden of proof required of him and upon motion of defendant for a directed Judge verdict, which was sustained, and on the merits judg-Troop ment for the defendant and the petition of the plaintiff is dismissed at plaintiff's costs."

The notice of appeal states it to be "from an order sustaining appellee's motion for a directed verdict."

The record shows that plaintiff presented ample evidence to make a question on the factual issues of negligence and proximate cause. Both parties claimed to have entered the intersection with the traffic signal green in his favor. Each claimed the favored right of way. In the face of such testimony, the relative obligations of the drivers of the converging vehicles are determined under common-law rules of negligence. Under this record the question of defendant's negligence and whether it was the proximate cause of the accident were pure questions of fact, upon which reasonable minds could have reached different conclusions. Therefore, the directed verdict for the defendant was prejudicial error.

The trial court, after directing a verdict, made a finding for defendant upon the merits. Does this cure the error or make it nonprejudicial? It does not. The latter finding is superfluous. A directed verdict decides only questions of law. This directed verdict meant that defendant was entitled to judgment as a matter of law. This record does not support such a ruling. The plaintiff is prejudiced because the directed verdict forecloses any determination of the issues of fact. He is also foreclosed from any probing of the verdict under Section 2315.22, Revised Code, by requesting the trial court to state in writing the conclusions of fact found separately from conclusions of law, and the framing of interrogatories with respect thereto. See *Bauer* v. *Cleveland Ry. Co.*, 141 Ohio St., 197, and *Mahoning National Bank* v. *City of Youngstown*, 143 Ohio St., 523. It also foreclosed any assignments of error directed to the admission and rejection of evidence, or the weight of the evidence, or the application of incorrect legal principles. See *Cleveland Produce Co.* v. *Dennert,* 104 Ohio St., 149.

Under this record, in our opinion, the trial court committed prejudicial error in directing a verdict for the defendant, and the error is not cured by indicating how the court would have ruled on the merits. Such indication only adds to the prejudicial effect of the directed verdict. In this case the trial court put the cart before the horse. Until a proper judgment is rendered solely upon the merits, and questions of fact are resolved one way or the other, it is not possible to know whether incompetent testimony was considered or to ascertain the views of the trial court upon the legal questions herein involved.

The judgment is reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*

YOUNGER and RUTHERFORD, JJ., concur.

YOUNGER, J., of the Third Appellate District, and McLAUGHLIN and RUTHERFORD, JJ., of the Fifth Appellate District, sitting by designation in the Tenth Appellate District.