Taft, C. J.
Admittedly, Marsh was employed by New York Life as an agent when his negligence proximately caused plaintiff’s injuries. However, before plaintiff can recover from New York Life, plaintiff must establish also that
(1) New York Life had expressly or impliedly authorized Marsh to use his automobile on its business,
(2) Marsh was at the time driving on the business of New York Life, and
(3) Marsh was subject to the direction and control of New York Life in so driving.
*461 In other words, an employer is liable for the negligence of his employee in operating the employee’s own automobile only where it is established by a preponderance of the evidence
(1) that the employer had expressly or impliedly authorized the employee to use his own automobile in doing the work he was employed to do (Metropolitan Life Ins. Co. v. Huff [1934], 128 Ohio St., 469, 191 N. E., 761; Miller v. Metropolitan Life Ins. Co. [1938], 134 Ohio St., 289, 293, 16 N. E. [2d], 447),
(2) that the employee was at the time of such negligence doing work that he was employed to do (Miller v. Metropolitan Life Ins. Co., supra, 294; Amstuts, Admr., v. Prudential Ins. Co. of America [1940], 136 Ohio St., 404, 26 N. E. [2d], 454; Senn, Admar., v. Lackner [1952], 157 Ohio St., 206, 105 N. E. [2d], 49), and
(3) that the employee was subject to the direction and control of the employer as to the operation of the employee’s automobile while using it in doing the work he was employed to do (so that the relation between the employer and employee in the driving of the automobile would be the relationship of principal and agent or of master and servant as distinguished from the relationship of employer and independent contractor) (Miller v. Metropolitan Life Ins. Co., supra, 291, 292; Amstutz v. Prudential Ins. Co., supra, 406, 408). See Councell v. Douglas (1955), 163 Ohio St., 292, 126 N. E. (2d), 597 (holding, in paragraph three of the syllabus, that “right reserved by employer to direct as to the quantity of work to be done, or the condition of the work when completed, is not a right to control the mode or manner of doing the work so as to justify the conclusion that the relationship * * is either * * * principal and agent or .master and servant”), Behner v. Industrial Commission (1951), 154 Ohio St., 433, 96 N. E. (2d), 403 (holding, in paragraph two of the syllabus, that one who contracts to transport freight for trucking company “by means of his own truck and equipment, serviced and maintained by him, to a designated destination for a fixed compensation, and who has the right to choose the route to be taken and to control the details of the transportation enterprise, including times and hours of employment, is an ‘independent contractor’ and not an ‘employee’ ”), and Hughes v. Railway Co. (1883), 39 Ohio St., 461 (holding, in *462 paragraph five of the syllabus, that “when an employer retains control over the mode and manner of doing a specified portion of the work only, and an injury results to a third person from the doing of some other portions of the work, the contractor alone is liable”).
See annotation on “Liability of Insurance Company for Negligent Operation of Automobile by Insurance Agent or Broker,” 36 A. L. R. (2d), 261.
In the instant case, there is no evidence that Marsh was doing anything for New York Life when plaintiff was injured except going from his home in Steubenville to attend the regular Monday morning meeting that he was required to attend at the Youngstown office of the company.
The evidence in the instant case necessarily requires the conclusion that, on every Monday morning, the Youngstown office of New York Life was the fixed and limited place of employment of Marsh.
This court has consistently held that an employee who has a fixed and limited place of employment is as a matter of law not in the course of his employment within the meaning of the workman’s compensation laws when traveling to and from his work at that place. Lohnes v. Young, Admr. (1963), 175 Ohio St., 291, 194 N. E. (2d), 428; Simerlink v. Young, Admr. (1961), 172 Ohio St., 427,178 N. E. (2d), 168; Industrial Commission v. Baker (1933), 127 Ohio St., 345, 188 N. E., 560; Industrial Commission v. Gintert (1934), 128 Ohio St., 129, 190 N. E., 400, 92 A. L. R., 1032.
In Senn v. Lachner, supra (157 Ohio St., 206), an employer owned and operated an automobile agency in Miamisburg. An employee, who lived in Cincinnati, about 50 miles away, and did not own a car, obtained the employer’s permission to use one of the employer’s cars to drive to and from work. His working hours were from 9:00 a. m. to 5:30 p. m. This court held as a matter of law that the employer was not liable for negligence of his employee in operating that automobile on his way to work.
In the annotation at 52 A. L. R. (2d), 350, 354, it is stated:
“The great majority of the cases dealing with the problem have taken the view that getting to the place of work is ordinarily a personal problem of the employee and not a part of his *463 services to his master, so that in the absence of some special benefit to the master other than the mere making of the services available at the place where they are needed the employee is not acting in the scope of his employment in traveling to work, even though he uses his employer’s motor vehicle to do so and therefore the employer cannot ordinarily be held liable to one injured by the employee’s negligent operation of the vehicle on such a trip.” (Emphasis added.)
Furthermore, an employer is usually not concerned with the means of transportation used or the route taken by his employee in getting to work. He usually regards that as “none of his business.” In other words, until the employee gets to work he is usually not subject to the direction or control of his employer as to any details of any transportation enterprise that may be involved in getting him there. It is therefore difficult to understand how, in the absence of some special arrangement (such as the one which existed in Morfoot, Admx., v. Stake [1963], 174 Ohio St., 506, 190 N. E. [2d], 573, where an employee was required by his employer to use a certain mode of transportation in going to and from work), an employee can reasonably be found to be subject to any direction or control of his employer as to the operation of the employee’s own automobile on his way to work.
There is no evidence which might support a conclusion that the arrangements between Marsh and New York Life required Marsh to use his car in going to the Monday morning meetings in Youngstown. Also, it is admitted that Marsh was paid nothing for any transportation expenses.
Our decision in Sewn v. Lackner, supra (157 Ohio St., 206), requires the conclusion that, as a matter of law, a master is not liable for the negligence of his servant while the latter is driving to work at a fixed place of employment, where such driving involves no special benefit to the master other than the making of the servant’s services available to the master at the place where they are needed.
The cases of Richards v. Metropolitan Life Ins. Co. (1941) 19 Cal. (2d), 236, 120 P. (2d), 650, Chatelain v. Thackeray (1940), 98 Utah, 525, 100 P. (2d), 191, and Dillon v. Prudential Ins. Co. of America (1925), 75 Cal. App., 266, 242 P., 736, re *464 lied upon by plaintiff, cannot be reconciled with the decisions of and pronouncements of law made by this court in cases such as Simerlink v. Young, supra (172 Ohio St., 427), Senn v. Lackner, supra (157 Ohio St., 206), and Industrial Commission v. Gintert, supra (128 Ohio St., 129).
It is sufficient to distinguish Miller v. Metropolitan Life Ins. Co., supra (134 Ohio St., 289), to note that, as to the agent there involved, “his duties required collection of premiums,” and “when the ‘accident’ happened he was on his way to a policy holder for the purpose of collecting a premium.” It is sufficient to distinguish Amstutz v. Prudential Ins. Co., supra (136 Ohio St., 404), to note that the agent there involved was driving back from making a required premium collection and was not driving between his home and any fixed place of employment.
Plaintiff has suggested that, if this court should determine that the Court of Appeals erred in determining as a matter of law that New York Life would be liable for any negligence of Marsh at the time of plaintiff’s injuries, then either the judgment of the Court of Appeals should be considered as a reversal of the Common Pleas Court on the weight of the evidence or the cause should be remanded to the Court of Appeals to consider whether the judgment of the Common Pleas Court should be reversed on the weight of the evidence. See Henry v. Henry (1952), 157 Ohio St., 319, 105 N. E. (2d), 406. However, if (as we are holding) New York Life was as a matter of law not answerable for any negligence of Marsh, then the Common Pleas Court should have directed a verdict for New York Life, and its judgment for that defendant should be affirmed. It follows that the judgment of the Court of Appeals must be reversed and that of the Common Pleas Court affirmed.

Judgment reversed.

Zimmerman, Matthias, O’Neill, Middleton and Gibson, JJ., concur.
Herbert, J., concurs in paragraphs one and two of the syllabus but dissents from paragraph three thereof and from the judgment.
Middleton, J., of the Third Appellate District, sitting by designation in the place and stead of Griffith, J.