HORACE MANN COMPANIES, APPELLANT, ET AL., *v.* JACKSON, APPELLEE.

(No. 10521—Decided December 24, 1987.)

*Carrol E. Hunt,* for appellant.
*Thomas A. Schaffer,* for appellee.

*Per Curiam.* The plaintiffs, Horace Mann Companies and Doyle E. Blane, commenced this action in the Dayton Municipal Court by filing a complaint which explains the nature of the controversy and provides as follows:

"1. Plaintiffs say that on or about September 20, 1985 defendant, Kim L. Jackson, drove her car east bound on West Third Street when at the intersection of Elmhurst she turned her car left into a 1980 Mazda RX-7 operated by plaintiff, Doyle E. Blane, doing damage thereto in the amount of $5,958.50.

"2. Plaintiffs say that in said collision the said Doyle E. Blane received injury and suffered loss of wages in the amount of $3,500.00.

"3. Plaintiff, Horace Mann Com-

panies, say that they paid to plaintiff, Doyle E. Blane, the sum of $9,208.50 and became subrogated to this claim in that amount.

"Wherefore plaintiffs pray judgment against defendant in the sum of $9,458.50 with interest and costs."

Subsequently, the defendant, Kim L. Jackson, served a set of interrogatories entitled "Defendant's First Set of Interrogatories to Plaintiff Doyle E. Blane." Three of these interrogatories, and the responses to each, are as follows:

"31. What are the names, addresses and telephone numbers of all other persons whom you presently intend to call as witnesses, giving a brief summary of the testimony expected from such witnesses.

"ANSWER: None at this time."

"61. Identify, by name and last-known address, each person whom you intend to call as an expert witness at the trial or other hearing in this matter.

"ANSWER: None."

"63. If you intend to refer to or introduce any written or documentary evidence or photographs at the time of trial, please state specifically what evidence you intend to introduce and the purpose of introducing same. If you have such information and do not intend to introduce it, but do intend to refer to it at trial, please state what information you will refer to and the purpose of referring to it.

"ANSWER: None at this time."

At the trial, the court excluded evidence that otherwise might have been admissible had it not been for Blane's unusual answers to the three foregoing interrogatories and, as a result, both plaintiffs were severely limited in the pursuit of their cause of action. Thereafter, on May 21, 1987, the trial court entered judgment in favor of the defendant, Jackson, and from the judg-

ment so entered, Horace Mann Companies has appealed to this court.

The first, third, fourth, fifth, sixth, and seventh assignments of error are closely related and pose substantially the same legal question. In fact, all pertain to the exclusion of evidence, and such assignments have been presented by the appellant as follows:

"1. The court erred in exclusion of evidence based upon inadvertent answer of plaintiff in interrogatories that he intended to call no witnesses and furnish no documents.

"* * *

"3. The court erred in refusing to admit testimony and documents delivered by Sheriff's Deputy W. Jim Douglas.

"4. The court erred in not permitting plaintiff Doyle E. Blane to testify regarding damages to his automobile.

"5. The court erred in not permitting plaintiff Doyle E. Blane to testify concerning medical bills furnished to defendant more than five days prior to trial.

"6. The court erred in refusing to admit medical bills furnished more than five days prior to trial.

"7. The court erred in excluding evidence of subrogation."

As a practical matter, the exclusion of much of the evidence submitted by the plaintiffs was fatal to their case, and the real question, therefore, is whether the imposition of the sanction of exclusion of the evidence constituted an abuse of discretion.

While it would be a nice question as to whether, under the circumstances of this case, Blane's answers to the interrogatories justified the trial court in excluding his evidence, we cannot see any basis for prejudicing the rights of the *other* plaintiff, Horace Mann Companies, to present testimony and documentary evidence because of *Blane's* answers to interrogatories that were addressed specifically to

him. Consequently, we hold that it was an abuse of discretion to have excluded the evidence offered by plaintiff, Horace Mann Companies, and that this error was sufficiently prejudicial to require a new trial.

The second assignment of error has been framed by the appellant as follows:

"2. The court erred in granting judgment to defendant, the weight of the evidence being in favor of plaintiffs."

This alleged error is dependent to some extent upon the evidence excluded by the trial court, and its validity, therefore, must await a proper ruling upon all admissible evidence. Hence, at this juncture, the assignment of error is overruled. Likewise, the eighth assignment of error is summarily overruled for lack of any arguable merit.

The ninth assignment of error has been stated as follows:

"9. The court erred in failing to make separate findings of fact and law."

According to the record, the appellant moved for separate findings on May 26, 1987. On July 1, 1987, the trial court exercised the discretionary authority granted to it by Civ. R. 52 and ordered counsel for both parties to submit proposed findings of fact and conclusions of law within fourteen days. On July 22, 1987, the appellee did file proposed findings of fact and conclusions of law, but the appellant did not comply with the order.

In the usual course of events, "a trial court, in a trial without a jury, has a mandatory duty, upon request of either party, to state in writing conclusions of fact separate from conclusions of law * * *." *Stephan's Machine & Tool, Inc.* v. *D & H Machinery Consultants, Inc.* (1979), 65 Ohio App. 2d 197, 200, 19 O.O. 3d 155, 157, 417 N.E. 2d 579, 582. See, also, *Orlow* v. *Vilas* (1971), 28 Ohio App. 2d 57, 57 O.O. 2d 106, 274 N.E. 2d 783; *Bauer* v. *Cleveland Ry. Co.* (1943), 141 Ohio St. 197, 25 O.O. 297, 47 N.E. 2d 225. Here, however, the failure to provide findings and conclusions was traceable to the nonfeasance of the plaintiffs themselves, and for this reason the ninth assignment of error is overruled.

The judgment will be reversed and the cause remanded to the Dayton Municipal Court for further proceedings according to law.

*Judgment reversed.*

KERNS, P.J., WOLFF and FAIN, JJ., concur.