DECISION AND JUDGMENT ENTRY
{¶ 1} This accelerated case is before the court on appeal from the Lucas County Court of Common Pleas, which granted summary judgment to appellees, Royal Homes, Inc. and Vicki Wertzbaugher. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On November 27, 2001, appellee Wertzbaugher, an employee of appellee, Royal Homes Inc., was driving her vehicle on Angola Road in Toledo, Ohio when she collided with a vehicle driven by appellant, Donna Saleh. On May 9, 2002, Saleh filed a personal injury action against appellees seeking damages in excess of $25,000. Saleh asserted a claim under the theory of respondeat superior alleging that at the time of the accident, Wertzbaugher was acting under the direction and control of her employer, Royal Homes, Inc. On May 21, 2003, appellees filed a motion for summary judgment which was granted by the trial court on October 2, 2003. Saleh now appeals setting forth the following assignment of error:
 {¶ 3} "The Court erred in granting defendant, Royal Homes, Inc.'s motion for summary judgment and holding that the defendant was not in the course and scope of her employment at the time of the collision with the plaintiff."
 {¶ 4} Civ.R. 56(C) provides that summary judgment can be granted only if (1) no genuine issue of material fact remains to be litigated; (2) it appears from the evidence that reasonable minds can reach but one conclusion and that conclusion is adverse to the nonmoving party; and (3) the moving party is entitled to summary judgment as a matter of law. Temple v. Wean United,Inc. (1977), 50 Ohio St.2d 317, 327. In reviewing a ruling on a motion for summary judgment, this court must apply the same standard as the trial court. Lorain Natl. Bank v. SaratogaApts. (1989), 61 Ohio App.3d 127, 129.
 {¶ 5} In her sole assignment of error, appellant contends that the court erred in finding that Wertzbaugher, a salesperson for Royal Homes, Inc., was not within the course and scope of her employment at the time of the November 27, 2001 accident.
 {¶ 6} The doctrine of respondeat superior makes employers liable for torts committed by employees acting in the scope of their employment. Restatement of Law 2d Agency (1958), 481, Section 219(1); Byrd v. Faber (1991), 57 Ohio St.3d 56, 58.
 {¶ 7} "It has long been held that for an employer to be liable for the negligence of an employee in the operation of the employee's vehicle, it must be demonstrated that: 1) the employer expressly or implicitly authorized the employee to use his own automobile in his or her work; 2) that the employee was doing the work he was employed to do at the time of his negligence; and 3) the employee was subject to the employer's direction and control while using the employee's automobile." Community Mut. Ins. Co.v. Kaczmarski (May 1, 1998), 6th Dist. No. L-97-1220, citingMiller v. Metropolitan Life Ins. Co. (1938), 134 Ohio St. 289,293.
 {¶ 8} In her deposition, Wertzbaugher testified that on the day of the accident, she had an appointment scheduled with a prospective client. On her way to meet the client, Wertzbaugher planned to first pick up her husband at their home and deliver him to a doctor's appointment. It is undisputed that she was on her way to pick up her husband for his appointment when the accident occurred. Given the fact that Wertzbaugher's personal errand was in no way related to her employment and, viewing the evidence in favor of the non-moving party, we can only conclude that the trial court did not err in concluding that Wertzbaugher was acting outside the scope and course of her employment at the time of the accident. Appellant's assignment of error is found not well-taken.
 {¶ 9} On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Common Pleas Court is affirmed. Costs assessed to appellant pursuant to App.R. 24.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper, J., Lanzinger, J., Singer, J., Concur.