Argued December 8, 1960, reversed April 19, 1961

# KOWALESKI *v.* KOWALESKI
### 361 P. 2d 64

*Milton O. Brown,* Portland, argued the cause and filed the brief for appellant.

*Roland F. Banks,* Portland, argued the cause for respondent. With him on the brief were Mautz, Souther, Spaulding, Kinsey & Williamson, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN and KING, Justices.

ROSSMAN, J.

This is an appeal by the plaintiff, Bernice Kowaleski, from a judgment which the circuit court entered in favor of the defendant, Antone Kowaleski, after it had sustained the defendant's motion for the entry of judgment on the pleadings. The motion was predicated upon this ground:

"* * * it affirmatively appears from the pleadings on file herein that any injury sustained by plaintiff was result of acts of plaintiff's husband driving defendant's automobile * * *."

The plaintiff's automobile which had been proceeding northerly on east 39th Street in Portland, had stopped before entering the intersection of 39th and east Burnside Streets. While it was standing there it was struck from the rear by the defendant's car which was also driving northerly. The operator of the defendant's car was the plaintiff's husband who was the defendant's employee. The complaint alleged negligence and based upon those averments sought damages for the injury which the plaintiff said she sustained. The answer, in addition to denying all charges of negligence, averred in part:

"* * * the defendant's automobile at that time and place referred to in plaintiff's complaint and herein was being operated by Andrew J. Kowaleski who is the husband of the plaintiff herein and since the plaintiff has no cause of action against her said husband plaintiff likewise has no cause of action against the defendant."

Plaintiff's counsel, with commendable desire for simplicity in the submission of the case on appeal, states:

"The only question presented on appeal is whether a wife may hold her husband's principal or employer liable for injuries sustained by her as a result of her husband's negligence while her husband was in the scope of his agency or employment."

In recent years several questions analogous to the one just quoted have been before this court. *Cowgill v. Boock,* 189 Or 282, 218 P2d 445, 19 ALR2d 405, held that the administratrix of the estate of a youth who lost his life in an automobile accident which also took the life of his father who was operating the death-dealing car could maintain an action against

the administrator of the father's estate upon charges that the double death was caused by conduct of an intentional or willful character. *Apitz v. Dames,* 205 Or 242, 287 P2d 585, which held that in this jurisdiction there no longer remains the legal unity of husband and wife that the common law had brought into being, ruled that a wife may sue her husband for an intentional tort. *Wiebe v. Seely, Administrator,* 215 Or 331, 335 P2d 379, held that where the liability of a principal for the tort of an agent is predicated upon the theory of respondeat superior it is unnecessary to join the husband as a defendant if he was the driver (agent) of the tortious vehicle. The decision stated:

"* * * Liability of the principal, therefore, does not necessarily depend upon a judgment against the agent, but upon the fact of the agent's negligence. * * *"

We stress those last seven words, "upon the fact of the agent's negligence." Going on, the decision stated:

"* * * If proof of that fact may be sufficient to establish the liability of the principal where the agent is not made a party, though he might have been, we think it may be equally sufficient even though, because of some rule of law, based on considerations of public policy or the like, an action against the latter is precluded.

"The underlying principle is set forth in the Restatement of Agency, § 217:

" '(2) A master or other principal is not liable for acts of a servant or other agent which the agent is priviliged to do although the principal himself would not be so privileged; but he may be liable for an act as to which the agent has a personal immunity from suit.'

"Comment B on this section contains the following illustration:

" '* * * Thus, if a servant, while acting

within the scope of employment, negligently injures his wife, the master is subject to liability.' "

· This court has not ruled in the past upon the precise question which this case presents. The decisions of the other courts which were confronted with it are diametrically opposed to each other. The defendant (respondent) relies on the following cases which hold that a wife may not sue her husband's employer for the husband's negligence: *Maine v. James Maine & Sons*, 198 Ia 1278, 201 NW 20 (1924); *Sachnoff v. Sachnoff*, 131 Me 280, 161 A 669 (1932); *Riegger v. Bruton Brewing Co.*, 178 Md 518, 16 A2d 99, 131 ALR 307; *Emerson v. Western Seed & Irrigation Co.*, 116 Neb 180, 216 NW 297 (1927); *Raines v. Mercer*, 165 Tenn 415, 55 SW2d 263 (1932); *Baker v. Gaffney*, (D.C. D.C.) 141 F.Supp 602 (1956). *Maine v. James Maine & Sons*, supra, was the first and is the most frequently cited case in this series. There, the wife was a passenger when she was injured in the employer's automobile which was driven by her husband. It was held on two theories that the principal-employer was not liable. First, the rationale of *Phillips v. Barnett*, 1 QBD 436, was relied on to deny recovery. The rationale, since repudiated by *Broom v. Morgan*, 1 QB 597 (1953), was that according to the common law a husband and wife were one person. *Phillips v. Barnett*, supra, held that even after divorce the erstwhile wife could not sue her former husband for assault and battery committed during coverture.

The second theory of the Maine case was that:

"* * * the liability of the employer for the negligent acts of his servant is based upon the familiar doctrine of respondeat superior. Unless the servant is liable, there can be no liability on the part of the master. This has been repeatedly

held in cases where both were sued, and the verdict was against the employer only. White v. Textbook Co., 150 Ia 27, 129 NW 338; Dunshee v. Standard Oil Co., 165 Ia 627, 146 NW 830; Hobbs v. Railroad Co., 171 Ia 624, 152 NW 40, LRA 1917E, 1023; Arnett v. Railroad Co., 188 Ia 540, 176 NW 322."

■ The proposition that unless the servant is liable the master can not be liable is an over generalization and inaccurate statement of the law as will be noticed by reverting to our quotation from *Wiebe v. Seely*, supra. It means merely that if the principal is sought to be held liable on the theory of respondeat superior he is not answerable in damages unless the agent was negligent; the statement does not cover the situation when the agent is granted an immunity. *Schubert v. Schubert Wagon Co.*, 223 App Div 502, 129 Misc 578, aff 249 NY 253, 164 NE 42, 64 ALR 293; *Mullally v. Langenberg Bros. Grain Co.*, 339 Mo 582, 98 SW2d 645 (1936); *Webster v. Snyder*, 103 Fla 1131, 138 So 755 (1932). The Arnett and Dunshee cases were cited for dictum in Maine. *White v. International Textbook Co.*, supra, was an action for malicious prosecution and the jury found for the defendant-agent and against the company-principal. It was held that the verdict was contradictory and erroneous because the corporation acted only through its agent-defendant and could not be responsible if the agent were not culpable. *Hobbs v. Illinois Cent. R. Co.*, supra, held that the principal was not liable on the basis of respondeat superior if the agent were not blameworthy. In these two cases cited in the Maine case the essential ingredient for liability of the principal is that the quality of the agent's act must be unlawful before the principal may be held accountable.

*Emmons v. Southern Pacific Co.*, 97 Or 263, 191 P

333, is also relied on by the respondent (defendant) as support for his contention that a principal is liable on the doctrine of respondeat superior only if the agent is liable. This was an action to recover damages for injuries sustained when the plaintiff's automobile stalled on defendant's tracks and was hit by the defendant's train. The jury returned a verdict against the defendant but did not find either for or against the motorman of the train. Under those circumstances, it was held that the defendant was not liable in damages because the plaintiff did not prove the agent was negligent. This case, like *White v. International Text-book Co.* and *Hobbs v. Illinois Cent. R. Co.*, was decided on the theory that an agent must be negligent before a principal is answerable for damages on the basis of respondeat superior.

Following the lead of *Schubert v. Schubert Wagon Co.*, 249 NY 253, 164 NE 42, 64 ALR 293, which was written by Cardozo, C.J., many courts have held that a wife may recover from her husband's employer for the husband's negligence. These cases include: *Webster v. Snyder*, 103 Fla 1131, 138 So 755 (1932); *Garnto v. Henson*, 88 Ga App 320, 76 SE2d 636 (1953); *Tallios v. Tallios*, 345 Ill App 387, 103 NE2d 507 (1952); *Broaddus v. Wilkenson*, 281 Ky 601, 136 SW2d 1052 (1940); *Pittsley v. David*, 298 Mass 552, 11 NE2d 461; *Miller v. Tyrholm & Co.*, 196 Minn 438, 265 NW 324 (1936); *McLaurin v. McLaurin Furniture Co.*, 166 Miss 180, 146 So 877 (1933); *Mullally v. Langenberg Bros. Grain Co.*, 339 Mo 582, 98 SW2d 645 (1936); *Hudson v. Gas Consumers' Ass'n.*, 123 NJL 252, 8 A2d 337 (1939); *Metropolitan Life Ins. Co. v. Huff*, 48 Ohio App 412, 194 NE 429, rev on other grounds 128 Ohio St. 469, 191 NE 761 (1934); *Koontz v. Messer*, 320 Pa 487, 181 A 792 (1935);

*Poulin v. Graham,* 102 Vt 307, 147 A 698 (1929); *Hensel v. Hensel Yellow Cab Co.,* 209 Wis 489, 245 NW 159 (1932); *Broom v. Morgan,* 1 QB 597 (1953). In the Schubert case the wife was struck by the defendant's car which was being driven by her husband in the scope of his employment. In holding the employer responsible the court reasoned that vicarious liability is not based on the servant's liability but upon his unlawful act and that the husband's individual immunity does not extend to his principal. In *Wiebe v. Seely,* supra, this court took the same view. It was decided in the Schubert case that the employer was responsible when "the trespass is not justified, [and] he [the employer] is brought under a distinct and independent liability, a liability all his own. The statement sometimes made that it is derivative and secondary (*Pangburn v. Buick Motor Co.,* supra), means this, and nothing more: That at times the fault of the actor will fix the quality of the act. Illegality established, liability ensues. * * *"

*Wiebe v. Seely,* supra, ruled upon the doctrine of respondeat superior similarly to the Schubert case. It was an action to recover damages for injuries sustained in an automobile accident. The defendants were the administrator of the estate of the driver and the driver's widow who owned the car which her husband was driving. The decision said:

"* * * while it is true that where liability of a principal for the tort of his agent is charged on the theory of *respondeat superior,* and they are sued jointly, the judgment must be either in favor of or against both, it is also true that it is not necessary to join the agent at all. * * * Liability of the principal, therefore, does not necessarily depend upon a judgment against the agent, but upon the fact of the agent's negligence. If proof

of that fact may be sufficient to establish the liability of the principal where the agent is not made a party, though he might have been, we think it may be equally sufficient even though, because of some rule of law, based on considerations of public policy or the like, an action against the latter is precluded."

This court's decision in *Wiebe v. Seely* quoted, as we saw, from § 217 Restatement of the Law, Agency. Restatement of the Law, 2nd, Agency, rephrases § 217. It now reads:

"In an action against a principal based on the conduct of a servant in the course of employment:

\*     \*     \*

"(b) The principal has no defense because of the fact that:

\*     \*     \*

"(ii) the agent had an immunity from civil liability as to the act."

Comment b which accompanies § 217 states:

"\* \* \* On the other hand, where the principal directs an agent to act, or the agent acts in the scope of employment, the fact that the agent has an immunity from liability does not bar a civil action against the principal. Thus, where a servant in the scope of employment negligently runs over his wife, an action against the master by the injured wife is not barred. This result is in accordance with the rule stated in this Section and is the rule adopted in most of the states."

We pause to observe that the Restatement declares that such actions by the injured wife are not barred "in most states."

The English courts hold the employer liable for the husband's negligence toward his wife. In *Broom v. Morgan*, 1 QB 597 (1953), a wife sued her husband

and his employer to recover damages for injuries sustained when the wife fell though a trap door which her husband left open and unprotected. Denning, L.J., said:

> "I am aware that the employer's liability for the acts of his servants has often been said to be a vicarious liability, but I do not so regard it. The law has known cases of a true vicarious liability; for instance, in the old days when a wife uttered slanders at a tea party with her friends, the husband was answerable for her wrongdoing, although it was no concern of his. I do not regard the liability of master and servant as coming into this category. The master is not liable when a servant does something 'on a frolic of his own.' He is liable only when the servant is acting in the course of his employment. The reason for the master's liability is not the mere economic reason that the employer usually has money and the servant has not. It is the sound moral reason that the servant is doing the master's business, and it is the duty of the master to see that his business is properly and carefully done. Take the case of a master who sends a lorry out on to the road with his servant in charge. He is morally responsible for seeing that the lorry does not run down people on the pavement. The master cannot wash his hands of it by saying, 'I put a competent driver in charge of the lorry,' or by saying, 'It was only the driver's wife who was hurt.' It is his lorry, and it is his business that it is on. He takes the benefit of the work when it is carefully done, and he must take the liability of it when it is negligently done. He is himself under a duty to see that care is exercised in the driving of the lorry on his business. If the driver is negligent there is a breach of duty not only by the driver himself, but also by the master."

■ Respondent suggests that this court is required by *Smith v. Smith,* 205 Or 286, 287 P2d 572, to deny

recovery in this case. There the wife sought to recover damages from her husband because of his alleged negligent operation of an automobile in which she was a passenger. It was held that the wife could not recover. The defendant (respondent) reasons that since *Smith v. Smith* is authority for the proposition that the wife in the case at bar has no cause of action against her husband she can not recover from his principal. *Apitz v. Dames,* 205 Or 242, 287 P2d 585, was a companion case of *Smith v. Smith.* The Apitz case was an action by the executor of the wife's estate against the administrator of the husband's estate to recover damages under the Oregon wrongful death act. The husband wrongfully killed his wife and then committed suicide. A demurrer was sustained to the complaint and the plaintiff appealed. This court held in that case, as we have seen, that a wife may sue her husband for intentional tort. It will be noticed that in both of those cases a tort had been committed against the wife but she was given no enforceable right in *Smith v. Smith* and thereby the husband in that case received immunity. The Apitz holding establishes the principle that a husband's exemption from suit for torts against his wife is not absolute. It must be recognized that neither of these cases directly governs the case at bar. In both the Smith and Apitz cases one spouse was directly suing the other; here the plaintiff is suing a third party. Even if these cases did control, it would not be desirable to extend the rule by construction. At the time Justice Cardozo wrote the Schubert opinion New York did not allow one spouse to sue the other for negligence. The court consisting of Justices Pound, Crane, Andrews, Lehman, Kellogg, O'Brien and Cardozo unanimously agreed that the inability of

a wife to sue her husband was not inconsistent with a wife recovering from her husband's employer for the husband's negligence. Other courts have reached the same conclusion.

■ It is not essential that an individual who was injured by an agent have recovered a judgment against the agent in order to hold the principal responsible. *Wiebe v. Seely,* supra; *Southeastern Greyhound Lines v. McCafferty,* 169 F2d 1, cert den 69 S Ct 136, 335 US 861, 93 L Ed 407; *Camp v. Petroleum Carrier Corp.,* 204 SC 133, 28 SE2d 683; *Fambro v. Sparks,* 86 Ga App 726, 72 SE2d 473; *Johns v. Hake,* 15 Wash 2d 651, 131 P2d 933; *Ohio Casualty Ins. Co. v. Capolino,* 65 NE2d 287. *Johns v. Hake,* supra, was an action by a husband and wife to recover damages for injuries incurred as a result of the negligence of the defendant's agent in the operation of a truck. The defendant's agent forced the plaintiff's car off the road and against the guard rail. Before the action was instituted the defendant's agent died. The defendant urged that the action abated at the agent's death and accordingly he was not liable on the basis of respondeat superior. The court ruled that the suit against the defendant did not abate because one may sue an agent or principal separately. We deem this a further reason why the cases which prevent one spouse from suing the other for negligence do not control this case.

Finally, respondent urges three policy reasons to prevent the wife's recovery. First, it is stated that there will be a disruption of the family unity and harmony. Historically, the husband and wife were considered a unit.

"* * * It has been said, whether humor-

ously or not, that at common law husband and wife were one person, and that person was the husband—which is not strictly accurate, since the criminal law, at least, regarded them as separate individuals, and the wife could be named as a party to a civil action, even though her husband must be joined with her, if he were alive when suit was brought. But as to her personal and property rights, the very legal existence of the wife was regarded as suspended for the duration of the marriage, and merged into that of the husband, so that she lost the capacity to contract for herself, or to sue or be sued without joining the husband as a plaintiff or defendant. The husband acquired the right to possession and use of his wife's real and personal property, and he was entitled to all of her choses in action, provided that he 'reduced them to possession' during marriage by some act by which he appropriated them to himself, such as collecting the money or obtaining judgment in a suit in his own name. In turn he became liable for the torts of his wife, committed either before or during the marriage.

\* \* \*

"A combination of all these incidents made it impossible to maintain a tort action between husband and wife. If the man were the tort-feasor, the woman's right would be a chose in action which the husband would have the right to reduce to possession, and he must be joined as plaintiff against himself and the proceeds recovered must be paid to him; and if the tort involved property, the wife had no right of possession to support the action. If the wife committed the tort, the husband would be liable to himself for it, and must be joined as a defendant in his own action. As a result, it was held that neither spouse could maintain an action against the other for either a personal or a property tort, whether it was committed before or during marriage; and the action was not maintainable even after divorce, which

came late in the English law, after these rules were well established. * * *" Prosser, Torts, 2d ed, § 101, page 670-671.

■ Justice BRAND in *Smith v. Smith,* supra, compiled a list of the Oregon statutes that changed this common law. He said that:

"* * * The separate ownership by married persons of their property and pecuniary rights was established. Laws of 1878, § 2, p 92; B & C, § 5234; OCLA, § 63-205. See ORS 108.060. Husband or wife could sue the other to recover his or her separate property as if they were unmarried. Laws of 1878, § 3, p 93; OCLA, § 63-209. See ORS 108.080. Conveyances between them were valid. Laws of 1878, § 5, p 93; OCLA, § 63-210. See ORS 108.090. Either might act as attorney in fact for the other. Laws of 1878, § 6, p 93; OCLA, § 63-211. See ORS 108.100. Neither was liable for the debts of the other except in specified instances. Laws of 1878, § 8, p 93; OCLA, § 63-206. See ORS 108.020. The property and pecuniary rights of married women received separate protection. Laws of 1872, § 1, p 23; Laws of 1878, § 1, p 92; Laws of 1893, § 1, p 170; OCLA, § 63-204. See ORS 108.050. The wife was made liable for her own torts. Laws of 1878, § 4, p 93; B & C, § 5248; OCLA, § 63-208. See ORS 108.030. And she could make contracts and could sue and be sued upon them. Laws of 1878, § 9, p 94; OL 9758 (repealed by Laws 1927, ch 144.) See OCLA, § 63-202. * * *"

However, ORS 108.010 eliminated all civil disabilities from a wife which are not imposed on a husband and also confers on the wife all civil rights of the husband. The reviser's note of OCLA 63-202, which was the predecessor of ORS 108.010, states that the "reference to the wife's right to sue in her own name has been omitted as unnecessary in view of the broad

grant in the first part of that section." Reviser's Note, Oregon Revised Statutes 1953, p 795. Thus, it is seen that the wife has gradually acquired a separate legal identity and there is not a complete unity in law between the spouses.

A harmonious family is still the basis of our society, but the law does not champion this ideal above all other objectives. Oregon allows recovery for a willful tort by one spouse against the other, *Apitz v. Dames,* and a child against his parent, *Cowgill v. Boock,* 189 Or 282, 218 P2d 445. A wife may also testify against her husband in certain criminal cases. ORS 139.320; 167.115; 167.625. In these situations the harmony of the home is more likely to be disrupted than when a spouse sues her husband's employer. In the latter case the employer is the real party defendant and not the husband.

Professor McCurdy, in 43 Harv L Rev 1053, states:

"* * * one spouse may instigate criminal proceedings against the other or sue for separation or divorce, or for separate maintenance without divorce, or for reimbursement for sums spent for support, all of which are probably more disturbing to domestic tranquillity. Finally, this view is peculiarly weak in that it proves too much or too little. In most states, one spouse may bring all kinds of property actions against the other, and to contend that personal injury cases are generally more acrimonious and disturbing to domestic tranquillity than property cases is to ignore common knowledge to the contrary. * * * Today there is a certain background of experience which was necessarily lacking when courts first denied personal tort actions between the spouses. There is nothing to show that in the states which permit such actions the peace and harmony of the

home is disrupted to any greater extent, or that the courts are deluged with a greater flood of such litigation, than in the states which deny the action. Here the words of Mr. Justice Crownhart, dissenting in Wick v. Wick, have particular significance:

" 'Courts may prophesy, but the practice often leads them to embarrassment. . . . Every step taken to emancipate women from the rigorous restrictions of the common law has been met with dark forebodings on the part of the judiciary. But now that women have been put on a parity with men as to their personal and property rights, society survives, with none of the dark portends of the judicial prophets realized.' "

██ The second policy argument urged by the respondent is that there will be a diminution of the family wealth if a wife may sue her husband's employer for the husband's negligence. The theory is that a wife will recover from the employer and the recovery less costs goes into a common family fund. Then the employer is indemnified by the employee-husband; the net result is that the family has diminished the common fund by the cost of the two law suits. This hypothesis is not universally true because it does not cover the situation where there is no common fund, i.e., the husband and wife are separated or do not pool their individual resources. Moreover, the principal-employer does not have a right of indemnity from the agent-husband. The right to recover from the employee is based on the employee's independent duty to render faithful service to the employer. *Schubert v. Schubert Wagon Co.*, supra; *Hudson v. Gas Consumers' Ass'n*, supra; Prosser, Torts, 2d ed 678, § 102. Finally, whether the employer will sue the employee is collateral to this case and is not before

the court. We can not presume that the principal will sue his agent.

■ The third policy argument is the fear of collusion between the spouses. Why collusion is more dreadful in this case than when a child sues a parent as in *Cowgill v. Boock,* supra, or one relative sues another is not apparent. Moreover, many factors which come readily to mind mitigate against collusion.

■ From the above analysis we conclude that a wife may sue her husband's employer for the husband's negligence. The husband's personal immunity should not extend to his employer. *Maine v. James Maine & Sons,* supra, the leading case denying recovery, is based on a rationale that the march of progress has rejected. Moreover, it would be a sad reflection upon the courts if a group of people were injured in one accident by an employee and everyone injured could recover from the employer but the wife of the negligent employee. The fact that the wife was injured by her husband when he was on the business of his employer should not relieve the defendant-employer of his legal responsibility.

The challenged judgment is reversed.