Ruth W. CRAMER, Appellant,

v.

Joseph Martin CRAMER, a/k/a
Earl M. Cramer, Appellee.

No. 260.

Supreme Court of Alaska.

Feb. 27, 1963.

---

John M. Savage, Irvine, Clark & Savage, Anchorage, for appellant.

W. T. Plummer, Plummer, Delaney & Wiles, Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

AREND, Justice.

This case presents a question of first impression in this court: May a woman sue her former husband for a personal tort committed while the parties were lawfully married and living together as husband and wife?

The wife, who appears here as the appellant, alleges in her complaint that she was injured on June 4, 1961, in a collision between an automobile driven by Joseph Martin Cramer, the appellee, and one driven by a third party. She was a passenger asleep in the back seat of the appellee's car at the time of the accident. She claims that the collision and her injuries were caused by the combined negligence of the two drivers, although her suit is against the appellee alone.

The appellee filed an answer in which he alleged that the appellant was riding with him as his wife and denied any negligence on his part. He then moved for summary judgment on the ground that the wife's action is barred by the common law rule which disallows interspousal tort actions. This appeal is from a summary judgment entered by the trial court in favor of the husband. We shall refer to the parties hereafter as husband and wife.

It appears from the record that the parties were living together as husband and wife on the day she was injured, but that they separated on October 10, 1961, and that the wife obtained a divorce from the husband on the following November 13. A property settlement agreement, dated November 2, 1961, provided that the wife should retain the right to prosecute this action against the husband, which, incidentally, was commenced the same day on which the divorce was granted.

The husband urged upon the court below and generally reaffirms his position here that the common law rule is not affected by the fact that the parties were divorced by the time of the institution of the negligence action, though he admits that basic in the common law rule was the concept that the husband and the wife were one, that the legal existence of the wife during coverture was merged in that of the husband and that adherence to the common law rule is necessary to safeguard marital harmony and tranquility. He also admits that

in many jurisdictions the so-called "Married Women's Acts" (which prevail in Alaska[1]) have "relieved and amended" the common law theory, but insists that those acts merely remove disabilities and do not create any new rights in the wife.

The majority of jurisdictions in the United States still hold to the common law rule that one spouse may not maintain an action against the other for a tort committed during coverture. We doubt, however, that any of the courts representing the majority seriously entertain today the old common law fiction that the husband and wife are one person, especially in view of the quite general enactment of "Married Women's Acts." Instead they now seem to be stressing principally public policy against disruption of domestic peace and harmony, which they fear would result from interspousal tort actions.[2]

That there is a definite trend against the common law rule denying one spouse the right to recover from the other for a personal tort committed during coverture cannot be denied.[3] In spite of a long judicial tradition in California of adherence to the common law rule, the supreme court of that state in two very recent decisions has abolished interspousal immunity as to both intentional torts and torts of negligence and has thus become the nineteenth state to join the ranks of an increasing minority who have departed from the common law rule.[4]

In Self v. Self, the first of these two California cases, the court gave an account of the origin and history of the common law rule and how it has fared in the courts of the several states with special emphasis on California, and then stated:

"As already pointed out, the fundamental basis of the interspousal disability doctrine—legal identity of husband and wife—no longer exists. Moreover, there are statutes which are inconsistent with any such concept. Aside from the sections of the Civil Code permitting the wife to contract freely with her husband as to her property rights and making her personally liable for her own torts, section 370 of the Code of Civil Procedure confers upon her the right to be sued or sue in tort in her own name.

"As already pointed out, the contention that the rule is necessary to maintain conjugal harmony * * * is illogical and unsound. It would not appear that such assumed conjugal harmony is any more endangered by tort actions than by property actions—

---

1. The "Married Women's Acts" of Alaska, which both parties discuss in their briefs, are contained in ACLA 1949, namely:

"§ 21-2-10. Wife's power to contract or incur liabilities. Contracts may be made by a wife, and liabilities incurred, and the same enforced by or against her to the same extent and in the same manner as if she were unmarried."

"§ 21-2-11. Repeal of laws imposing civil disabilities upon wife: Wife's right to appeal to courts. All laws which impose or recognize civil disabilities upon a wife which are not imposed or recognized as existing as to the husband are hereby repealed; and for any unjust usurpation of her property or natural rights she shall have the same right to appeal in her own name alone to all courts for redress that the husband has."

"§ 55-3-6. Wife's right to prosecute or defend as if unmarried. A wife may receive the wages of her personal labor, and maintain an action therefor in her own name and hold the same in her own right, and she may prosecute and defend all actions for the preservation and protection of her rights and property as if unmarried."

2. For a general treatment on the subject of interspousal tort actions, presenting the majority and minority views and the arguments pro and con, see Brown v. Gosser, Ky., 262 S.W.2d 480, 43 A.L.R.2d 626 (1953); Prosser, Torts § 101, at 670-75 (2d ed. 1955); 1 Harper & James, Torts § 8.10, at 643-47 (1956); McCurdy, Personal Injury Torts between Spouses, 4 Vill.L.Rev. 303-38 (1959); Annot., 43 A.L.R.2d 632 (1955).

3. Prosser, op. cit supra n. 2, at 674-75.

4. Self v. Self, Cal., 26 Cal.Rptr. 97, 376 P.2d 65 (1962); Klein v. Klein, Cal., 26 Cal.Rptr. 102, 376 P.2d 70 (1962).

yet the latter are permitted. For these reasons alone the old common law rule should be abandoned. * * *" [5]

In the companion case of Klein v. Klein the California court went on to consider and discount as dubious, unsound and not borne out by judicial experience some of the other reasons advanced against permitting interspousal tort actions, e. g., the inundation of the courts with trifling suits and, because of the possibility of insurance, the encouragement of collusion, fraud and perjury.[6] We are persuaded by the court's reasoning and are in agreement with the rules of law as they are now established for California by the Self and Klein cases.

■■ At the time of the commencement of this action the Alaska statutes gave a married woman the right to manage, sell, convey or devise by will her separate property and pecuniary rights,[7] to make contracts *and incur liabilities* as if she were a feme sole,[8] *and to prosecute and defend all actions for the preservation and protection of her rights and property as if she were unmarried.*[9] These statutes, as well as others which we deem it unnecessary to list here, have removed many of the common law disabilities of the wife [10] and, while they expressly neither deny nor grant a wife the right to sue her husband, we find their terminology broad enough to cover the matter and to enable the wife to bring an action against her husband, during coverture or thereafter, for a tort to her person caused by his negligent conduct while the parties were married to each other.

The judgment is reversed and the cause remanded with instructions to the trial court to set aside its order granting summary judgment and the summary judgment entered herein and then proceed in accordance with the views herein expressed.

---

5. Self v. Self, supra, 376 P.2d at 69, n. 4.

6. Klein v. Klein, supra, 376 P.2d at 72–73, n. 4 (1962). See also Kowaleski v. Kowaleski, 227 Or. 45, 361 P.2d 64 (1961), in which the appellate court held that the husband's personal immunity against an action by the wife for injuries resulting from his negligence in the operation of his employer's automobile in the course of employment *did not extend* to the employer. The court held for naught the employer's arguments that to permit the action would disrupt the family unity and harmony and allow for collusion between the spouses.

7. Section 21–2–6 ACLA 1949.

8. Section 21–2–10 ACLA 1949.

9. Section 55–3–6 ACLA 1949.

10. Cf. Smith v. Smith, 205 Or. 286, 287 P.2d 572, 577 (1955), holding that various Oregon statutes, set forth in the opinion, "did eliminate the ancient theory that husband and wife are one and the husband is that one, and they did create separate property rights in married women" but created no substantive rights in either the wife or the husband to sue the other for a negligent tort.