Argued and submitted December 9, 1985, affirmed April 23, reconsideration denied June 6, petition for review denied July 15, 1986 (301 Or 338)

## SUGURA et al,
*Appellants,*

*v.*

## McLAUGHLIN,
*Respondent.*

(A8311-06834; CA A35735)

717 P2d 1251

Alan M. Scott, Portland, argued the cause for appellants. With him on the brief was Galton, Popick & Scott, Portland.

Thomas W. Brown, Portland, argued the cause for respondent. With him on the brief was Cosgrave, Kester, Crowe, Gidley & Lagesen, Portland.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Warden, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

This is an action for damage arising out of personal injuries suffered by plaintiff Michael Sugura and the resulting loss of consortium by his wife, plaintiff Ida May Sugura.[1] Plaintiff is an employe of the gas company. He was injured by defendant's negligent operation of a backhoe while performing services for Northwest Natural Gas Company. The issue is whether defendant is an independent contractor, as the company nominally designated him, or an employe of the company and thereby exempt from this action under the Workers' Compensation Law. *See* ORS 656.018(3). The trial court granted defendant's motion for summary judgment, and plaintiffs appeal. Plaintiffs argue that "the undisputed facts establish that [d]efendant was an independent contractor," and defendant argues that "[t]he undisputed evidence established as a matter of law that defendant was a fellow employee of plaintiff." Neither party suggests that there was a factual question, rendering summary judgment inappropriate.

In *Woody v. Waibel*, 276 Or 189, 554 P2d 492 (1976), the issue was whether the plaintiff was an independent contractor or was an employe of the defendant and was therefore foreclosed by the Workers' Compensation Law from maintaining the action. The court said:

> "Chief Judge Schwab's concurrence to the Court of Appeals opinion in this case stated that 'whether plaintiff is an employe or an independent contractor is for the trier of fact to decide.' There appears to be Oregon authority supporting this proposition. *See, Butts v. State Ind. Acc. Com[m].*, 193 Or 417, 239 P2d 238 (1951); and *Wallowa Valley Stages v. [Oregonian]*, 235 Or 594, 386 P2d 430 (1963) (vicarious liability). It is true that there may be questions concerning facts surrounding the arrangement between the parties which would be relevant in determining control. In this sense, the question is one for the trier of fact. However, where there is no dispute as to what the arrangement is, the question of employee or independent contractor status is one of law for the court. To the extent that the *Butts* and *Oregonian* cases can be interpreted as recognizing a contrary principle, they must be repudiated." 276 Or at 192-93, n 3.

---

[1] The singular term "plaintiff" in the rest of this opinion refers to Michael Sugura.

*Compare Robinson v. Omark Industries,* 46 Or App 263, 611 P2d 665 (1980), *rev dismissed* 291 Or 5 (1981).

The parties do not disagree about the "facts surrounding the arrangement" between defendant and the company. Their disagreement is over whether, given those facts, the legal nature of the arrangement is an independent contractor or an employment relationship. *Woody v. Waibel, supra,* makes it clear that, notwithstanding its evidentiary and inferential determinants, that question is one for the court. We therefore conclude that the trial court correctly determined that the case was appropriate for summary judgment. We also agree that, balancing the incidents of the relationship, defendant was the company's employe. Plaintiffs' action is therefore barred by ORS 656.018(3).

Affirmed.