Argued and submitted November 13, affirmed December 30, 1987, reconsideration denied February 12, petition for review allowed March 15, 1988 (305 Or 331)

**BLACKNALL,**
*Appellant,*

*v.*

**WESTWOOD CORPORATION,
DEVELOPERS AND CONTRACTORS,**
dba Westwood Construction Company,
*Respondent.*

(A8607-03986; CA A43239)

747 P2d 412

J. Randolph Pickett, Portland, argued the cause for appellant. With him on the brief was Marlene E. Findling, Portland.

Thomas W. Brown, Portland, argued the cause for respondent. With him on the brief was Cosgrave, Kester, Crowe, Gidley & Lagesen, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

This is a tort action. Plaintiff appeals a summary judgment for defendant. The question before us is whether defendant is a "complying employer" pursuant to ORS 656.017 and, as such, immune from tort liability. ORS 656.018.

Neither party disputes these facts. Plaintiff was an employe of Aida Services, Inc. (Aida), a corporation providing temporary labor services. Pursuant to a work order, he was sent to work on defendant's construction project. He carried a time card issued by Aida, which was filled out and signed by defendant's representative on the job site. The card contained a "customer agreement" providing that Aida was plaintiff's employer. Defendant, however, directly supervised and controlled plaintiff's work at the site, including hours, breaks and work assignments, and could terminate his services at any time. Aida paid salary, payroll taxes, workers' compensation insurance, Social Security taxes, unemployment insurance rates and other fringe benefits in respect to plaintiff. It charged defendant an hourly rate for his services. The rate charged by Aida included, *inter alia,* a charge for workers' compensation insurance. While working for defendant, plaintiff sustained personal injuries, for which he has received workers' compensation benefits from Aida's insurer.

The trial court held that Aida and defendant were dual employers of plaintiff and that defendant, as a "complying employer," was immune from tort liability for plaintiff's injuries. The court granted summary judgment for defendant. Plaintiff argues that the question of whether plaintiff was defendant's employe is a question of fact. The question of a person's employment status is for the trier of fact, if the facts surrounding the arrangement between the parties are in dispute. When there is no dispute, and the parties merely disagree about the legal consequences of the agreed facts, the question is one for the court. *Sugura v. McLaughlin,* 79 Or App 69, 72, 717 P2d 1251, *rev den* 301 Or 338 (1986); *Woody v. Waibel,* 276 Or 189, 192-93 n 3, 554 P2d 492 (1976). The tests for the existence of an employer-employe relationship include the payment of compensation and the right to direct and control. For purposes of worker's compensation, an employe can have more than one employer. ORS 656.005(13) and (27);

*Robinson v. Omark Industries,* 46 Or App 263, 265-66, 611 P2d 665 (1980), *rev dismissed* 291 Or 5 (1981).

■ Plaintiff was compensated by defendant through Aida and was subject to defendant's direct control. We agree with the trial court's conclusion that both Aida and defendant were plaintiff's employers.

■ The next issue is whether defendant was a "complying employer" and thus was immune from tort liability.[1] In *Robinson v. Omark Industries, supra,* we held that a corporation which temporarily employed workers through a temporary services agency was a "complying employer." It paid a fee to the agency for services rendered, and the fee included a charge for workers' compensation insurance that the agency actually maintained. Plaintiff here contends that defendant was not a complying employer, because it paid Aida a flat fee, which was not broken down so as to state a specific charge for workers' compensation coverage. Although defendant did not maintain insurance for temporary workers, it is undisputed that the rate paid to Aida for plaintiff's services was computed to include workers' compensation insurance and other payroll costs. That defendant was paying for the workers' compensation premium was known both to Aida and defendant. It is immaterial that Aida did not provide an itemized statement.

Plaintiff asks that we overrule *Robinson v. Omark, supra,* if we find it controlling. Because virtually the same facts are involved here as in *Robinson,* it is controlling. We decline to overrule it, and we hold that defendant complied with ORS 656.017. It is therefore immune from tort liability.

Affirmed.

---

[1] An employer is "complying" and exempt from any other liability if it obtains insurance or is self-insured. ORS 656. 017(1); ORS 656.018.