Argued and submitted February 12, reversed and remanded in part; otherwise affirmed September 4, 1996, petition for review denied February 4, 1997

(324 Or 560)

## Wilma K. PERRY,
*Appellant,*

*v.*

## EXPRESS SERVICES, INC.,
a Colorado corporation, and Ruth Boarts,
*Respondents.*

## EXPRESS SERVICES, INC.,
a Colorado corporation,
*Third-Party Plaintiff,*

*v.*

## ALAMO RENT-A-CAR,
a Florida corporation,
*Third-Party Defendant.*

(940302210; CA A89109)

923 P2d 673

Brien F. Hildebrand argued the cause for appellant. On the brief were Robert J. Miller, Lilian Bier and Moomaw, Miller & Hildebrand.

Dian R. Rogers argued the cause for respondent Express Services, Inc. With her on the brief were Thomas W. Sondag and Lane Powell Spears Lubersky.

Rick A. Lee argued the cause for respondent Ruth Boarts. On the brief were Peter R. Chamberlain and Bodyfelt Mount Stroup & Chamberlain.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

Plaintiff was injured in an automobile accident while she was working on temporary assignment at an automobile rental company. The car she was driving collided with another driven by defendant Boarts, who also was a temporary employee on assignment at the same automobile rental company. Plaintiff sued Boarts and Boarts's temporary employment service, Express Services, Inc. (Express), which had assigned Boarts to the rental company. Boarts moved for summary judgment on the ground that plaintiff's exclusive remedy for work-related personal injuries caused by a coworker lay in workers' compensation. Express likewise moved for summary judgment on the basis of the exclusive remedy statute. In the alternative, Express argued that it could not be held vicariously liable as a matter of law, because it exercised no control over Boarts's work at the automobile rental company. The trial court granted the motions and entered judgment dismissing all claims against both defendants. We affirm the entry of summary judgment as to Boarts, but reverse as to Express.

■    In reviewing the trial court's summary judgment rulings, we determine whether there are genuine issues of material fact and whether defendants are entitled to judgment as a matter of law. ORCP 47 C. A genuine issue of material fact exists when, based on the record as a whole and viewing the evidence in a manner most favorable to the adverse party, an objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the summary judgment motion. *Id.*

The relevant facts are undisputed. Plaintiff worked for a temporary employment service, Interim Personnel (Interim). Interim provides temporary workers to its clients, other businesses. Interim entered into an agreement with Alamo Rent-a-Car (Alamo) and, pursuant to that agreement, assigned plaintiff to work at Alamo. Alamo paid Interim an hourly rate for plaintiff's work. That hourly rate included an amount sufficient to pay workers' compensation benefits for plaintiff. Interim did in fact pay premiums for plaintiff's workers' compensation coverage. While assigned to work at

Alamo, Alamo directed plaintiff when to come to work, when to leave, where to work and what to do while at work.

Boarts worked for Express, another temporary employment service that provides temporary workers to its client businesses. Express also had an agreement with Alamo to provide temporary workers to the rental car company. Pursuant to that agreement, Express assigned Boarts to work at Alamo. Part of the fee that Express charged Alamo included an amount for workers' compensation coverage for Boarts. While assigned to work at Alamo, Alamo directed Boarts when to come to work, when to leave, where to work and what to do while at work. Before assigning Boarts to work at Alamo, Express checked Boarts's personnel records to ensure that Boarts was properly qualified to perform the assignment; it also checked to ensure that Boarts had a valid Oregon driver's license and that she had not been in an automobile accident or received any traffic citations during the last three years.

Plaintiff was injured as she shuttled cars while on assignment at Alamo. She was hit from behind by a vehicle driven by Boarts, who was also shuttling cars while on assignment at Alamo. The accident occurred on a public highway, off Alamo's premises. Plaintiff sued both Boarts and Express. Plaintiff's theory of liability was that Boarts was negligent and that Express, as Boart's employer, is strictly liable for that negligence. As we have noted, the trial court entered summary judgment in favor of both defendants.

On appeal, plaintiff first argues that the trial court erred in granting Boarts's summary judgment motions. According to plaintiff, Boarts is not subject to the exclusive remedy provision of the workers' compensation statutes, because that statute accords immunity from tort liability only to employers of a subject worker and to his or her coworkers, and, she argues, Boarts was neither. Boarts argues that she was, in fact, a coworker, because at the time of the accident both she and plaintiff were working for the same employer, Alamo.

■ The issue presented requires that we determine the scope of the exclusive remedy provisions of the workers' compensation statutes. We do that by ascertaining the intended

meaning of the applicable statutes, considering the text in context and, if necessary, legislative history and other aids to construction. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). Also relevant are prior judicial decisions concerning the intended meaning of the relevant statutes. *State v. Sullens*, 314 Or 436, 443, 839 P2d 708 (1992).

■■    ORS 656.017(1) provides that every employer who employs workers subject to the workers' compensation statutes must ensure that the workers will receive workers' compensation coverage for compensable on-the-job injuries. ORS 656.018 then provides, in relevant part:

> "(1)(a)   The liability of every employer who satisfies the duty required by ORS 656.017 (1) is exclusive and in place of all other liability arising out of injuries * * * that are sustained by subject workers, the workers' beneficiaries and anyone otherwise entitled to recover damages from the employer on account of such conditions or claims resulting therefrom * * *.
>
> "* * * * *
>
> "(2)   The rights given to a subject worker and the beneficiaries of the subject worker under this chapter * * * are in lieu of any remedies they might otherwise have * * * against the worker's employer * * *.
>
> "(3)   The exemption from liability given an employer under this section is also extended to the employer's insurer, the self-insured employer's claims administrator, the department, and the contracted agents, employees, officers and directors of the employer * * *."

Thus, a worker compensably injured may not sue in tort the worker's employer or the worker's coworker. The injured worker may, however, sue a "third person not in the same employ" as the worker. ORS 656.154. For the purposes of ORS 656.017(1) and ORS 656.018, a temporary worker is considered to be an employee both of the temporary employment agency and the employment agency's client. *Blacknall v. Westwood Corporation*, 89 Or App 145, 147-48, 747 P2d 412 (1987), *aff'd* 307 Or 113, 764 P2d 544 (1988); *Robinson v. Omark Industries*, 46 Or App 263, 265-66, 611 P2d 665 (1980), *rev dismissed* 291 Or 5 (1981).

■     In the light of the foregoing principles, it is clear that Interim and Alamo were plaintiff's "dual employers," and, by virtue of the exclusive remedy provision of ORS 656.018, plaintiff has not sued either of them. It is also clear that Express and Alamo were Boarts's dual employers. As to both Boarts and plaintiff, Alamo was an employer for workers' compensation purposes. That means that, for workers' compensation purposes, Boarts and plaintiff were "in the same employ"; they both worked for the same employer, Alamo, at the same time. It follows that Boarts is a coworker who is entitled to claim the exclusive remedy provision of ORS 656.018. We conclude that the trial court correctly granted Boarts's summary judgment motion.

■     Plaintiff next argues that the trial court erred in granting Express's motion for summary judgment. Plaintiff contends that, because Express is neither her employer nor her coworker, the exclusive remedy provisions of the workers' compensation statutes do not apply. Express argues that plaintiff cannot maintain a claim against it under ORS 656.154, because that statute permits an action that is based on the negligence of a "third person not in the same employ." In this case, Express argues, plaintiff's claim against it is based solely on the conduct of Boarts, who *was* in the same employ as plaintiff. Express argues in the alternative that, even if it is not subject to the exclusive remedy provisions of the workers' compensation statutes, plaintiff's suit fails because there is no factual predicate for extending vicarious liability. According to Express, vicarious liability can only be extended when an employer has the right to control the work of the employee, and in this case, only Alamo had the right to control Boarts's work.

The applicability of the exclusive remedy provisions of the workers' compensation statutes also is disposed of on the basis of our construction of the foregoing statutes. ORS 656.018(1)(a) exempts from liability an injured worker's employer. Express was not plaintiff's employer, and therefore cannot claim exemption on that basis. As noted above, ORS 656.018(3) extends, subject to exceptions that are not pertinent to this case, the same exemption from liability to

"the employer's insurer, the self-insured employer's claims administrator, the department, and the contracted agents, employees, officers and directors of the employer, the employer's insurer, the self-insured employer's claims administrator and the department * * *."

Express was not plaintiff's employer's insurer, nor was it the self-insured employer's claims administrator, nor the agent, employee, officer or director of any of the foregoing. In short, the statute extends the exemption from liability to a limited universe of persons, which does not include Express.

Express insists that it is exempt from liability on the ground that it is not subject to the third-party suit provisions of ORS 656.154, which apply only to suits for injuries "due to the negligence or wrong of a third person not in the same employ" as the injured worker. We agree with Express that ORS 656.154 does not apply, because plaintiff's suit is for injuries due to the asserted negligence of Boarts, who was in the same employ. It does not follow, however, that because a person may not be sued under ORS 656.154, that person is subject to the exclusive remedy provisions of ORS 656.018. Indeed, to adopt Express's reading of the statutes would require us effectively to revise the wording of ORS 656.018(3) to include in the list of persons exempt from liability "any person who is not a 'third person' within the meaning of ORS 656.154." We lack the authority to do that. ORS 174.010; *Fernandez v. Board of Parole*, 137 Or App 247, 252, 904 P2d 1071 (1995). We conclude, therefore, that Express is not subject to the exemption from liability contained in ORS 656.018.

■■ Express argues that, even if it is not statutorily exempt from liability, it still is not vicariously liable for Boarts's negligence as a matter of law, because the undisputed evidence is that only Alamo controlled, and had the right to control, her day-to-day work. Express, however, misapprehends the test for vicarious liability. The Supreme Court has explained the test for determining whether an employer may be held vicariously liable as follows:

"Under the doctrine of *respondeat superior*, an employer is liable for an employee's torts when the employee acts within the scope of employment. * * *

"Three requirements must be met to conclude that an employee was acting within the scope of employment. These requirements traditionally have been stated as: (1) whether the act occurred substantially within the time and space limits authorized by the employment; (2) whether the employee was motivated, at least partially, by a purpose to serve the employer; and (3) whether the act is of a kind which the employee was hired to perform."

*Chesterman v. Barmon*, 305 Or 439, 442, 753 P2d 404 (1988) (citations omitted). *See also G.L. v. Kaiser Foundation Hospitals, Inc.*, 306 Or 54, 60-61, 757 P2d 1347 (1988). The issue of right to control more properly relates to a determination of whether an employment relation exists in the first place. *Jenkins v. AAA Heating*, 245 Or 382, 386-87, 421 P2d 971 (1966). As the court explained in *Stanfield v. Laccoarce*, 284 Or 651, 656, 588 P2d 1271 (1978):

"We have recognized, particularly in automobile cases, that the 'right to control' is often of no assistance in deciding whether an employee is acting within the scope of his employment. No employer can 'control' the manner in which an employee drives or other details of his trip. In reality, the question of whether the employer had a 'right to control' the employee is merely another way of asking whether the activity in question occurred within the authorized limits of time and space, so that it is fair to make the employer vicariously liable for the conduct of the employee." (Citation omitted.)

In this case, Express does not contest that it was Boarts's employer at the time of the accident. The determinative questions are, therefore, not whether Express had the right to control Boarts, but whether the accident occurred substantially within the time and space limits authorized by the employment, whether Boarts was motivated, at least in part, by a purpose to serve Express, and whether her act of driving was of the kind that she was hired to perform. The summary judgment record shows that it is undisputed that Express assigned Boarts to work at Alamo as a temporary worker, that the accident with plaintiff occurred while Boarts attempted to perform the duties of that assignment and that the accident occurred as a result of her driving vehicles for Alamo, which was precisely the sort of work that Express sent Boarts to Alamo to perform. Express, in fact, makes no

argument to the contrary; its only defense is that Alamo was solely responsible for determining the details of Boarts's driving. That, as the Supreme Court's decisions make clear, is beside the point.

■        Finally, at oral argument, Express argued that, even if it is not subject to the exemption from liability expressed in ORS 656.018, it still cannot be held liable as a matter of law, because Boarts *is* subject to the exclusion, and Express's liability, if any, derives exclusively from Boarts's conduct. The fact that an employee may be immune from liability, however, does not mean that the employer may not be vicariously liable for the employee's tortious conduct. The Supreme Court directly addressed that question in *Kowaleski v. Kowaleski*, 227 Or 45, 361 P2d 64 (1961). In that case, the plaintiff was injured in an automobile accident when rear-ended by her husband, who was driving his employer's car at the time. The plaintiff sued the husband's employer on a theory of vicarious liability for the tortious conduct of its employee. The defendant employer argued that, because the husband was immune from suit—under then-prevailing doctrines of spousal immunity—it could not be held liable, because its liability was exclusively derivative of the husband's. The court rejected that argument, holding:

> "The proposition that unless the servant is liable the master can not be liable is an over generalization and inaccurate statement of the law * * *. It means merely that if the principal is sought to be held liable on the theory of respondeat superior he is not answerable in damages unless the agent was negligent; *the statement does not cover the situation when the agent is granted an immunity*."

*Id.* at 50 (emphasis supplied; citation omitted). The court noted that courts around the country had split on the question, but, citing the *Restatement (Second) of Agency* § 217,[1] it

---

[1] The *Restatement* states that

"In an action against a principal based on the conduct of a servant in the course of employment:

"* * * * *

"(b)  The principal has no defense because of the fact that:

"(i)  he had a non-delegable privilege to do the act, or

"(ii)  the agent had an immunity from civil liability as to the act."

*Restatement (Second) of Agency* § 217.

concluded that the law in most states was that an employer has no defense on the basis of an employee's immunity and that such cases were better reasoned. *Id.* at 50-54. We conclude that the trial court erred in allowing Express's motion for summary judgment.

Reversed and remanded as to defendant Express Services, Inc.; otherwise affirmed.