Argued and submitted March 19, affirmed July 5, 2001

Tim A. PHILLIPS,
*Appellant,*

*v.*

Walter E. BOHNSTEDT
and Barrett Business Service Corporation,
*Respondents.*

9908-08768; A110069

27 P3d 531

Scott M. McNutt, Jr., argued the cause and filed the brief for appellant.

Barbara L. Johnston argued the cause and filed the brief for respondents.

Before Linder, Presiding Judge, and Brewer, Judge, and Ceniceros, Senior Judge.

LINDER, P. J.

## LINDER, P. J.

Plaintiff initiated this negligence action against defendants Bohnstedt and Barrett Business Services Corporation (Barrett) to recover damages incurred when he was injured in a motor vehicle accident at work. The trial court granted summary judgment in favor of defendants, and plaintiff appeals. We review the trial court's ruling to determine whether there are genuine issues of material fact and whether defendants are entitled to judgment as a matter of law. ORCP 47 C. The only issue on appeal is one of statutory interpretation: whether Barrett is exempt from tort liability under the terms of ORS 656.018(5)(a), which relates to temporary service providers. We affirm.

The facts are not disputed. On September 3, 1998, plaintiff was injured when he was hit by a vehicle driven by Bohnstedt while they were at work. At that time, plaintiff was working directly for Portland Auto Auction, and Bohnstedt was working for Barrett, a company that provides temporary workers to Portland Auto Auction and to other clients. Pursuant to an agreement between Barrett and Portland Auto Auction, Barrett was responsible for providing workers' compensation coverage for its temporary employees, including Bohnstedt. Barrett charged Portland Auto Auction a fee for its services, which included an amount that covered the workers' compensation premiums. Although Barrett retained direction and control over Bohnstedt in terms of hiring, firing, and discipline, Bohnstedt was otherwise under the direct supervision of Portland Auto Auction. Portland Auto Auction separately provided workers' compensation coverage for its other employees, including plaintiff.

After the accident, plaintiff applied for and received workers' compensation benefits. He then sued both Bohnstedt and Barrett seeking to obtain further recovery for his injuries. Plaintiff's theory of liability was that Bohnstedt was negligent and that Barrett was therefore vicariously liable. Defendants moved for summary judgment on the ground that they were exempt from tort liability under ORS 656.018. The trial court granted their motion and entered a judgment accordingly. On appeal, plaintiff challenges only the trial

court's conclusion regarding Barrett's liability, arguing that ORS 656.018(5)(a) does not operate to exempt it from tort liability.

In determining the scope of ORS 656.018(5)(a), our task is to discern the legislature's intent. Here, the text and context of the relevant portion of the statute provide a complete answer as to its meaning. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993) (a statute's text and context are the starting point for its interpretation). ORS 656.017 requires employers that are subject to ORS chapter 656 to provide workers' compensation coverage for subject workers. ORS 656.018 then declares, in relevant part:

"(1)(a)  The liability of every employer who satisfies the duty required by ORS 656.017(1) is exclusive and in place of all other liability arising out of injuries, diseases, symptom complexes or similar conditions arising out of and in the course of employment that are sustained by subject workers, the workers' beneficiaries and anyone otherwise entitled to recover damages from the employer on account of such conditions or claims resulting therefrom * * *.

"* * * * *

"(2)  The rights given to a subject worker and the beneficiaries of the subject worker under this chapter * * * are in lieu of any remedies they might otherwise have * * * against the worker's employer * * *.

"(3)  The exemption from liability given an employer under this section is also extended to the employer's insurer, the self-insured employer's claims administrator, the Department of Consumer and Business Services, and the contracted agents, employees, officers and directors of the employer, the employer's insurer, the self-insured employer's claims administrator and the department * * *.

"* * * * *

"*(5)(a)  The exemption from liability given an employer under this section applies to a temporary service provider, as that term is used in ORS 656.850,*[1] *and also extends to the*

---

[1] ORS 656.850(1)(c) provides that a " '[t]emporary service provider' means a person who provides workers, by contract and for a fee, to a client on a temporary basis."

*client to whom workers are provided when the temporary
service provider complies with ORS 656.017."*

(Emphasis added.) The statute's terms are plain, and its
meaning is simple and straightforward. Under paragraph
(5)(a), temporary service providers enjoy the same exemption
from tort liability that employers generally enjoy under the
workers' compensation statutes. Also, the client of a tempo-
rary service provider enjoys that same immunity as long as
the temporary service provider satisfies the requirements of
ORS 656.017.

In this case, Barrett is a temporary service provider,
Portland Auto Auction is its client, and Portland Auto
Auction is plaintiff's employer. Those facts are not disputed.
Likewise, it is undisputed that Barrett and Portland Auto
Auction complied with ORS 656.017. Under the unambigu-
ous provisions of ORS 656.018(5)(a), neither Barrett nor
Portland Auto Auction is subject to liability for plaintiff's
work-related injury beyond the liability that is imposed by
the workers' compensation statutes.

In arguing to the contrary, plaintiff relies on one of
our prior decisions interpreting the scope of the workers'
compensation exclusive remedy provisions that similarly
involved a temporary service provider. *Perry v. Express
Services, Inc.*, 143 Or App 321, 923 P2d 673 (1996), *rev den*
324 Or 560 (1997). *Perry*, however, involved the 1995 version
of ORS 656.018, which did not include temporary service pro-
viders within the "limited universe" of entities to whom ORS
656.018 (1995) extended the exemption from tort liability. *Id.*
at 327. As noted above, ORS 656.018(5)(a) now specifically
does so, pursuant to a subsection added by the legislature in
1997. Or Laws 1997, ch 491, §§ 1, 2. Therefore, plaintiff's reli-
ance on *Perry* is misplaced.

Finally, plaintiff also argues that the statute was
amended in 1997 merely to eliminate the distinction that
ORS 656.018 formerly made between "worker leasing com-
panies" and "temporary service providers." Specifically,
before the 1997 amendments, the statute did not extend tort
immunity to *clients* of temporary service providers, although
it did extend tort immunity to clients of worker leasing com-
panies. *See Baugh v. Maintenance and Machine Erectors,*

*Inc.*, 157 Or App 128, 968 P2d 392 (1998). Plaintiff is correct that the 1997 addition of paragraph (5)(a) served to correct that anomaly. *Id.* at 131-32 n 2. Paragraph (5)(a), however, is not limited to issues of the client's liability. As already discussed, its express terms apply the employer's exemption from liability to a temporary service provider who has provided workers' compensation coverage for any temporary employees as required in ORS 656.017. Thus, contrary to plaintiff's position, the fact that there is no employer/employee relationship between an injured worker—here, plaintiff—and a temporary service provider—here, Barrett—is of no moment. Liability for both Barrett and Portland Auto Auction is limited to that incurred pursuant to the workers' compensation statutes.

For those reasons, we conclude that defendants are entitled to judgment as a matter of law. The trial court therefore correctly granted their summary judgment motion.

The parties' remaining arguments do not require discussion.

Affirmed.