Argued and submitted May 4, decisions of the trial court and the Court of Appeals affirmed November 16, 1988

BLACKNALL,
*Petitioner on Review,*

*v.*

WESTWOOD CORPORATION,
DEVELOPERS AND CONTRACTORS,
dba Westwood Construction Company,
*Respondent on Review.*

(TC A8607-03986; CA A43239; SC S34871)

764 P2d 544

J. Randolph Pickett, P. C., Portland, argued the cause and filed the petition for petitioner on review.

Thomas W. Brown, Cosgrove, Kester, Crowe, Gidley &

Lagesen, Portland, argued the cause and filed a brief for respondent on review.

Robert K. Udziela, Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland, filed a brief *amicus curiae* on behalf of Oregon Trial Lawyers Association.

Before Peterson, Chief Justice, and Lent, Linde, Campbell, Carson and Gillette, Justices.**

PETERSON, C. J.

---

** Lent, J., retired September 30, 1988.

## PETERSON, C. J.

This is a tort action brought by a worker against an employer for damages for personal injuries. The plaintiff was employed by Adia Services, Inc. (Adia), a corporation that provided temporary workers to its clients. He was injured while working at defendant Westwood Corporation's construction site and brought this negligence action against the defendant.

ORS 656.020 states that damage actions may be brought "by an injured worker * * * against any employer who has failed to comply with ORS 656.017 * * *." ORS 656.017(1) requires subject employers to "maintain assurance * * * that subject workers of the employer * * * will receive compensation for compensable injuries" by either buying workers' compensation insurance coverage or by qualifying as a "self-insured employer." With exceptions not relevant here, the statute immunizes employers maintaining such assurance from tort claims arising from injury to their subject workers. ORS 656.018. The question in this case is whether the defendant, who had coverage for its "regular" hourly and salaried workers, has complied with ORS 656.017. If it did, it is immune from tort liability to the plaintiff. If it did not, it is not immune. The trial court and Court of Appeals ruled in favor of the defendant. We affirm.

### THE FACTS

This case was decided on the defendant's motion for summary judgment. The material facts set forth below are not in dispute.

Adia engages in the business of providing temporary workers — clerical, accounting, banking, word processing, secretarial, light industrial, factory and warehouse employees — to its customers. The defendant sent a work order to Adia requesting that Adia "[f]urnish labor as requested for clean up work, complete with employee insurance and workmen's [sic] compensation as quoted in your hourly rate per man hour." Adia sent the plaintiff. Adia's hourly rate for the plaintiff's services, paid by the defendant, included workers' compensation insurance premiums which Adia paid on behalf of the plaintiff. The defendant directed the plaintiff when to come to and leave work, where to work, what work to do, and it could

terminate the plaintiff's services at any time. The agreement between Adia and the defendant provided that "the supervision of the assigned Adia Personnel Services employee for the agreed upon duties is [the defendant's] responsibility."

The agreement between Adia and the defendant also required that Adia provide workers' compensation coverage in favor of persons such as the plaintiff. As stated above, the fee that Adia charged to the defendant included an amount for workers' compensation premiums.

The defendant had procured workers' compensation coverage from SAIF for its employees. Adia procured workers' compensation coverage from CNA which extended to the plaintiff. After the plaintiff was injured, CNA provided workers' compensation benefits to the plaintiff.

The plaintiff makes two assertions of error:

"1. Did the trial court err in holding that as a matter of law plaintiff was an employee of defendant?

"2. Did the trial court err in ruling that defendant was a complying employer for the purposes of ORS 656.018 and that defendant is immune from tort liability?"

The answers to these questions largely are determined by Oregon's Workers' Compensation Law, and we therefore turn to it.

## THE WORKERS' COMPENSATION STATUTES

ORS 656.005(27) defines a "worker" as

"* * * any person * * * who engages to furnish services for a remuneration, subject to the direction and control of an employer * * *."

There is no doubt that the plaintiff was a "worker."

A "subject worker" is defined in ORS 656.005(25) as "a worker who is subject to this chapter * * *." There is no question but that the plaintiff was a "subject worker."

An "employer" is defined in *former* ORS 656.005(14) (now ORS 656.005(13)) as

"* * * any person * * * who contracts to pay a remuneration for and secures the right to direct and control the services of any person."

The defendant was an "employer."

A "subject employer" is defined in ORS 656.023 as follows:

"Every employer employing one or more subject workers in the state is subject to ORS 656.001 to 656.794."

The defendant was a "subject employer."

To this point there is little dispute. The plaintiff was a "worker" and a "subject worker." The defendant was an "employer" and a "subject employer."

The duties of a subject employer are set forth in ORS 656.017. It provides:

"(1) Every employer subject to this chapter shall maintain assurance with the director that *subject workers of the employer* and their beneficiaries *will receive compensation* for compensable injuries as provided by this chapter and that the employer will perform all duties and pay other obligations required under this chapter, by qualifying:

"(a) As a carrier-insured employer; or

"(b) As a self-insured employer as provided by ORS 656.407." (Emphasis added.)

ORS 656.018(1)(a) grants a *quid pro quo* to complying employers:

"The liability of every employer who satisfies the duty required by ORS 656.017(1) is exclusive and in place of all other liability arising out of compensable injuries to the subject workers, the workers' beneficiaries and anyone otherwise entitled to recover damages from the employer on account of such injuries or claims resulting therefrom, specifically including claims for contribution or indemnity asserted by third persons from whom damages are sought on account of such injuries, except as specifically provided otherwise in ORS 656.001 to 656.794."

Two other statutes merit mention. ORS 656.005(18) defines a "noncomplying employer" as "a subject employer who has failed to comply with ORS 656.017." ORS 656.020(1) provides for actions against noncomplying employers as follows:

"Actions for damages may be brought by an injured worker or the legal representative of the injured worker against any employer who has failed to comply with ORS 656.017 or is in

default under ORS 656.560. Except for the provisions of ORS 656.578 to 656.593 and this section, such noncomplying employer is liable as the non-complying employer would have been if ORS 656.001 to 656.794 had never been enacted."

We turn then to consider these questions.

1. Was the plaintiff a "subject worker" of the defendant under ORS 656.017?

2. Was the defendant a noncomplying employer, *i.e.*, had the defendant "failed to comply with ORS 656.017"?

## DISCUSSION

In deciding whether the plaintiff was a "subject worker of the [defendant] employer," we first look to the definition of "worker" contained in ORS 656.005(27). Was the plaintiff furnishing services "for remuneration, subject to the direction and control of an employer"? Beyond any question, the plaintiff was "subject to the direction and control" of the defendant. He was furnishing "services for remuneration." That his remuneration came directly from Adia does not take him out of the definition of "worker." The plaintiff was a "subject worker" of the defendant because the plaintiff was not excluded from coverage under ORS 656.027.

Reciprocally, the defendant was the plaintiff's "employer" under ORS 656.017(1) because (in the words of ORS 656.005(13) quoted above) it contracted "to pay a remuneration for and secure[d] the right to direct and control the services of [the plaintiff]." Remuneration and the right to control are the two statutory elements of both ORS 656.005(13) and (27). Both exist here. The defendant is the plaintiff's "employer"; the plaintiff was a "subject worker" of the defendant. That Adia may also have been the plaintiff's employer, and the plaintiff a subject worker of Adia, makes no difference. As this court stated in *Brazeale v. State Ind. Acc. Comm.*, 190 Or 565, 576, 227 P2d 804 (1951), an employee can have more than one employer for workers' compensation purposes. *See also Oremus v. Oregonian Pub. Co.*, 3 Or App 92, 470 P2d 162 (1970).

We turn to the second issue: Did the defendant comply with ORS 656.017(1)? It requires that the employer "maintain assurance with the director that subject workers of

the employer * * * will receive compensation * * * and that the employer will [qualify] * * * (a) [a]s a carrier-insured employer * * * or (b) [a]s a self-insured employer * * *."

The defendant maintained assurance that its subject workers would receive compensation by (1) insuring with SAIF and (2) contracting with Adia to provide coverage for its workers obtained from Adia. Workers' compensation benefits were provided to the plaintiff pursuant to the defendant's contract with Adia. The defendant complied with ORS 656.017(1).

Any uncertainty is eliminated by ORS 656.407(1) and ORS 656.419(1)(a). ORS 656.407(1) requires every employer to

"establish proof with the director that the employer is qualified either: (a) As a carrier-insured employer by causing a guaranty contract issued by a guaranty contract insurer to be filed with the director; or (b) As a self-insured employer * * *."

The defendant was a "carrier-insured employer" with coverage from SAIF.

ORS 656.419(1) requires that every "guaranty contract issued by an insurer shall provide that the insurer agrees to assume, without monetary limit, the liability of the employer * * * for prompt payment of: (a) All compensation for compensable injuries that may become due under this chapter to subject workers * * *." Had the plaintiff made a workers' compensation claim against the defendant or its compensation carrier, the claim would have to be paid.[1] Though the SAIF insurance contract is not in evidence, ORS 656.407(1)(a) and ORS 656.419(1)(a) are mandatory provisions of the workers' compensation law, and would apply in this case.

The defendant had complied with ORS 656.017(1). It therefore is not subject to the plaintiff's damage claim under ORS 656.020.

The decisions of the trial court and the Court of Appeals are affirmed.

---

[1] We express no opinion as to the ultimate responsibility for payment as between SAIF and CNA. ORS 656.307.